Mark Esquibel
4768 Soquel Drive #12
Soquel, CA 95073
Pro Se

FILED

MAR 30 2026 *ure*

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

MARK ESQUIBEL,

*Plaintiff,*

v.

MARIE RIOS; CARLOS MARTINEZ; SANTA CRUZ COUNTY SHERIFF'S
DEPARTMENT; HON. KATHERINE HANSEN, in her official capacity only; and DOES
1 through 10, inclusive,

*Defendants.*

Case No.: **5:___-cv-_____**



**"C" 26 02755 SVK**

## PLAINTIFF'S EXHIBIT INDEX AND EXHIBIT PLACEHOLDER FILE

*(Complaint for Violation of Civil Rights — 42 U.S.C. § 1983)*

---

**NOTICE TO THE COURT REGARDING EXHIBITS:** Plaintiff Mark Esquibel hereby gives notice
that the exhibits identified and indexed herein are in Plaintiff's possession, have been organized and
preserved, and are available for production upon the Court's direction or in connection with any motion,
hearing, or proceeding in this action. Pursuant to Federal Rule of Civil Procedure 8(a), no exhibits are
required to be attached to the Complaint at the time of filing. Plaintiff expressly reserves the right under
FRCP 15(a)(1)(B) to file a First Amended Complaint incorporating these exhibits as attachments, within
21 days of the last responsive pleading filed by any Defendant or as otherwise ordered by the Court. See
Complaint ¶107.

---

**PRINTING INSTRUCTIONS:** Each exhibit begins on a new page. Print this document, then insert the physical
exhibit behind its labeled cover page. Hole-punch and bind together with the Complaint and the Administrative
Motion for Consolidated Briefing Schedule. Exhibit Q must be lodged under seal — do not include in the public
filing binder without a court order.

## EXHIBIT INDEX

| EX. | DESCRIPTION | CITED AT |
|---|---|---|
| A | Plaintiff's Video Recording — DOJ Agent Arrival, October 21, 2024 | ¶6, ¶46, ¶48, ¶50, ¶51, ¶86, ¶91, ¶94, Prayer ¶4(c), Prayer ¶7 |
| B | April 2021 DVRO — DV-130, Case No. 18FL00642 | ¶36, ¶65, ¶73, ¶81, Prayer ¶1, Prayer ¶2(a), Count 6 ¶105 |
| C | Declaration of Diligence / Proof of Service by Mail — DV-116/DV-117, Filed February 2021 | ¶4, ¶35, ¶65, ¶73, ¶81, ¶84, Prayer ¶2(a) |
| D | Judge Marigonda 2018 Jurisdictional Finding — Case No. 18FL00642 | ¶37 |
| E | Judge Cheryl Kersey 2017 Full-Custody Judgment | ¶27, ¶75 |
| F | Martinez Gun-Inquiry Filings — Case No. 18FL00642, September–November 2024 | ¶6, ¶16, ¶45, ¶51, D(1) section |
| G | San Bernardino Police Department — False Kidnapping Report, Case No. 2016-00053475 | ¶29, ¶73 |
| H | CPS Investigation Records — Determinations of Unfounded/Baseless Allegations | ¶30, ¶73 |
| I | Judge Knish Name-Change Orders — 2016, Case No. FAMSS1601663 (Transcript Order) | ¶31, ¶42A, ¶75 |
| J | Orange County Case Dismissal — Fraud on Court Finding, 2020–2021 | ¶32 |
| K | Martinez $536,000 Assignment Order — Case No. 19CV358986, July 29, 2024 | ¶16, ¶59 |
| L | Martinez State Bar Suspension Records — November 2024 and Early 2024 | ¶16, ¶59 |
| M | DVRO Renewal Application — DV-700/DV-710, Filed February 27, 2026, Case No. 18FL00642 | ¶7, ¶21, ¶56 (Section F), ¶58 |
| N | Martinez Ex Parte Application — Rejected, Envelope No. 23067065, March 20, 2026 | ¶57 |
| O | Plaintiff's England Reservation — Filed March 24, 2026, Case No. 18FL00642 | ¶25A, ¶26, ¶43 |
| P | California Supreme Court Denial Orders — Case Nos. S294529 and S294534 | ¶5, ¶13, ¶25, ¶44, Count 6 ¶105 |
| Q | Federal Security Clearance Documentation — LODGE UNDER SEAL | ¶6, ¶50, ¶56 (Section E), ¶86, Prayer ¶1(b) |
| R | Plaintiff's Facebook Post — Political Commentary Regarding Charlie Kirk | ¶46, ¶47, ¶90 |
| S | Child Support Misapplication Documentation — LA County / Watson Account | ¶42A, Prayer ¶4(j), Prayer ¶5 |

| T | DOJ Civil Rights Division Dear Colleague Letter — Fines and Fees, April 20, 2023 | ¶42A, ¶65, Prayer ¶3A |

---

## EXHIBIT A

### Plaintiff's Video Recording — DOJ Agent Arrival, October 21, 2024

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶6, ¶46, ¶48, ¶50, ¶51, ¶86, ¶91, ¶94, Prayer ¶4(c), Prayer ¶7*

**Description:**

Video recording made by Plaintiff Mark Esquibel on October 21, 2024, depicting the arrival of four Department of Justice agents from the DOJ Fresno office at Plaintiff's residence in Soquel, California. This recording is in Plaintiff's possession and has been preserved. Plaintiff will authenticate this exhibit through his own declaration or testimony at trial or hearing. Plaintiff has filed or will file FOIA requests for body camera footage from all four agents to corroborate this recording.

**ATTACH EXHIBIT A HERE** (Video recording — USB drive, DVD, or authenticated still frames as directed by the Court)

---

## EXHIBIT B

### April 2021 DVRO — DV-130 (Domestic Violence Restraining Order After Hearing), Case No. 18FL00642

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶36, ¶65, ¶73, ¶81, Prayer ¶1, Prayer ¶2(a), Count 6 ¶105*

**Description:**

The five-year Domestic Violence Restraining Order issued April 1, 2021 by Judge Paul Marigonda in Santa Cruz County Superior Court Case No. 18FL00642 (Rios v. Esquibel). This order forms the predicate for Plaintiff's Second Amendment deprivation (CLETS/NICS entry), parental separation, and federal firearms enforcement action of October 21, 2024. The DV-130 checkbox entries regarding 'hearing held' and 'notice given' are directly relevant to the § 922(g)(8) as-applied Second Amendment claim.

> **ATTACH EXHIBIT B HERE** (Certified copy or file-stamped copy of DV-130, Case No. 18FL00642, issued April 1, 2021)

---

# EXHIBIT C

**Declaration of Diligence / Proof of Service by Mail — DV-116/DV-117, Filed February 2021**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶4, ¶35, ¶65, ¶73, ¶81, ¶84, Prayer ¶2(a)*

## Description:

The Declaration of Diligence (DV-116) filed February 2, 2021, claiming four failed service attempts on Plaintiff, and the Proof of Service by Mail (DV-117) sent to an address where Plaintiff no longer resided. Critical fact: the DV-117 proof of service was filed February 17, 2021 — after the March 5, 2021 hearing date. No completed service was on file at the time the DVRO was issued. These documents establish that no personal service compliant with Family Code § 6384 was accomplished, and that neither Plaintiff nor his attorney of record Donald Schwartz received proper notice of the hearing.

> **ATTACH EXHIBIT C HERE** (File-stamped DV-116 Declaration of Diligence and DV-117 Proof of Service by Mail, Case No. 18FL00642)

---

# EXHIBIT D

**Judge Marigonda 2018 Jurisdictional Finding — Case No. 18FL00642**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶37*

## Description:

Order or minute order from Case No. 18FL00642 in which Judge Paul Marigonda, in 2018, found that the court lacked jurisdiction to change custody in light of Judge Cheryl Kersey's 2017 full-custody judgment, and that the court's authority was limited to addressing Rios's visitation only. This finding was never reversed or appealed and establishes that the same judge who issued the April 2021 DVRO had previously made a jurisdictional limitation finding in the same case — directly relevant to the void ab initio and jurisdictional estoppel arguments preserved for the First Amended Complaint.

**ATTACH EXHIBIT D HERE** (Certified copy or file-stamped copy of Judge Marigonda's 2018 jurisdictional order/minute order, Case No. 18FL00642)

## EXHIBIT E

**Judge Cheryl Kersey 2017 Full-Custody Judgment**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶27, ¶75*

**Description:**

The 2017 custody judgment in which Judge Cheryl Kersey granted Plaintiff Mark Esquibel full custody of Skylar, finding Plaintiff a fit and appropriate custodial parent. This judgment establishes the custody baseline that preceded the April 2021 DVRO and demonstrates that a prior court — with full jurisdiction and an evidentiary record — adjudicated Plaintiff as a fit parent. Directly relevant to the substantive due process parental rights claim and the 'shocks the conscience' standard.

**ATTACH EXHIBIT E HERE** (Certified copy or file-stamped copy of Judge Kersey's 2017 full-custody judgment)

## EXHIBIT F

**Martinez Gun-Inquiry Filings — Case No. 18FL00642, September–November 2024**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶6, ¶16, ¶45, ¶51, D(1) section*

**Description:**

Submissions filed by Defendant Carlos Martinez in Santa Cruz Superior Court Case No. 18FL00642 between September and November 2024, expressly requesting that the Santa Cruz County Sheriff's Office check, verify, and confirm Plaintiff's firearms ownership status in connection with the DVRO. These filings are the factual predicate for the joint action under color of state law theory (Dennis v. Sparks, 449 U.S. 24) and for the Monell policy claim against the Santa Cruz County Sheriff's Department.

**ATTACH EXHIBIT F HERE** (File-stamped copies of Martinez's September–November 2024 gun-inquiry submissions, Case No. 18FL00642) *NOTE: Previously designated 'Exhibit P' in state court filings — now Exhibit F in this action*

## EXHIBIT G

**San Bernardino Police Department — False Kidnapping Report, Case No. 2016-00053475**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶29, ¶73*

**Description:**

San Bernardino Police Department incident report or documentation from Case No. 2016-00053475, reflecting the false kidnapping report filed by Rios against Plaintiff on May 22, 2016, and the law enforcement determination that the allegation was unfounded. One of multiple documented instances of Rios filing false law enforcement allegations against Plaintiff — supporting the pattern of false allegations that forms part of the fraud predicate and the 'shocks the conscience' substantive due process argument.

**ATTACH EXHIBIT G HERE** (San Bernardino Police Department documentation, Case No. 2016-00053475, dated May 22, 2016)

## EXHIBIT H

**CPS Investigation Records — Determinations of Unfounded/Baseless Allegations**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶30, ¶73*

**Description:**

Records from one or more Child Protective Services investigations reflecting that Rios's allegations of sexual abuse and domestic violence against Plaintiff were investigated and determined to be unfounded or baseless. These records support the allegation that Plaintiff has never been found dangerous across multiple independent investigations over two decades, directly relevant to the Rahimi dangerousness predicate argument in Count Three.

**ATTACH EXHIBIT H HERE** (CPS investigation closure letters, reports, or findings) *NOTE: Redact minor child's identifying information as required by applicable law and local rules*

## EXHIBIT I

### Judge Knish Name-Change Orders — 2016, Case No. 18FL00642 (Three Orders)

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶31, ¶42A, ¶75*

**Description:**

The three court orders issued by Judge Knish in 2016 (April, August, and November) directing Rios to change Skylar's last name from 'Watson' to 'Esquibel,' transfer the child to Plaintiff's private insurance (United Healthcare), change the birth certificate, and update the social security record. Rios refused to comply with all three orders. Skylar continues to be identified as 'Watson.' These orders establish a decade-long pattern of Rios's defiance of court orders and unauthorized collection of public benefits (TANF, WIC) under a fictitious name — directly relevant to the child support misapplication allegations in ¶42A and the punitive damages prayer.

**ATTACH EXHIBIT I HERE** (Certified copies of Judge Knish's three 2016 name-change orders, Case No. 18FL00642)

## EXHIBIT J

### Orange County Case Dismissal — Fraud on Court Finding, 2020–2021

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶32*

**Description:**

Court order or minute order from the Orange County Superior Court case filed by Rios (September 2020–January 2021) reflecting dismissal of that action for fraud on the court, based on Rios having filed under the fictitious 'Watson' surname for Skylar. Directly relevant to the pattern of forum shopping and fraud on the court by Rios and her counsel — the same pattern that preceded the Santa Cruz County DVRO filing.

**ATTACH EXHIBIT J HERE** (Certified copy or file-stamped copy of Orange County dismissal order, 2020–2021)

## EXHIBIT K

### Martinez $536,000 Assignment Order — Case No. 19CV358986, July 29, 2024

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶16, ¶59*

**Description:**

Assignment order entered July 29, 2024, in Santa Cruz County Superior Court Case No. 19CV358986, imposing a $536,000 obligation on Defendant Carlos Martinez with 10% compounding interest. This order establishes Martinez's direct financial motive for generating continued litigation activity against Plaintiff — a financially desperate attorney using state court process to trigger enforcement actions against a private citizen based on a void order.

**ATTACH EXHIBIT K HERE** (Certified copy or file-stamped copy of assignment order, Case No. 19CV358986, July 29, 2024)

---

# EXHIBIT L

**Martinez State Bar Suspension Records — November 2024 and Early 2024**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶16, ¶59*

**Description:**

State Bar of California records reflecting: (a) Martinez's suspension from the practice of law November 6–12, 2024; and (b) Martinez's prior 90-day suspension in early 2024, during which the defamation trial (Case No. 20CV369516) was held up for approximately three months, delaying the trial from February 2024 to August 2024. Martinez filed documents in family court during his November 2024 suspension period — the same period in which the gun-inquiry filings were escalated. These records are relevant to both the joint action theory and the Monell pattern-and-practice allegations.

**ATTACH EXHIBIT L HERE** (State Bar of California suspension records for Carlos Martinez, SBN 248358)

---

# EXHIBIT M

**DVRO Renewal Application — DV-700/DV-710, Filed February 27, 2026, Case No. 18FL00642**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶7, ¶21, ¶56 (Section F), ¶58*

**Description:**

The renewal application filed by Defendant Martinez on behalf of Rios on February 27, 2026, in Santa Cruz County Superior Court Case No. 18FL00642, seeking to make the DVRO permanent. The application was filed to coincide with the California Supreme Court's denial of Plaintiff's petitions for review. This filing is the basis for the preliminary injunction motion filed concurrently with this Complaint and establishes the continuing and imminent constitutional deprivation that warrants immediate injunctive relief. Hearing currently set for April 14, 2026 before Judge Hansen.

> **ATTACH EXHIBIT M HERE** (File-stamped copy of DV-700/DV-710 renewal application, Case No. 18FL00642, filed February 27, 2026)

---

## EXHIBIT N

**Martinez Ex Parte Application — Rejected, Envelope No. 23067065, March 20, 2026**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶57*

**Description:**

Martinez's ex parte application for alternate service filed March 20, 2026, and the Santa Cruz Superior Court clerk's same-day rejection for failure to include mandatory FL-300 and FL-305 forms as required by Santa Cruz Superior Court Local Rule 3.1.13(d). The application is legally inert. Relevant to the pattern of defective filings by Martinez and the absence of proper procedural compliance — a recurring theme across the state court record now before this Court.

> **ATTACH EXHIBIT N HERE** (File-stamped ex parte application and clerk rejection notice, Envelope No. 23067065, March 20, 2026)

---

## EXHIBIT O

**Plaintiff's England Reservation — Filed March 24, 2026, Case No. 18FL00642**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶25A, ¶26, ¶43*

**Description:**

Plaintiff's opposition to the DVRO renewal application filed March 24, 2026, in Santa Cruz County Superior Court Case No. 18FL00642, containing the express reservation of all federal

constitutional claims under England v. Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964). This filing is the cornerstone of Plaintiff's Younger abstention and San Remo Hotel preclusion rebuttals. It places on the state court record that Plaintiff is not submitting federal constitutional questions to the state court for decision, and confirms the state court's September 2, 2024 refusal to issue a Statement of Decision.

---

**ATTACH EXHIBIT O HERE** (File-stamped copy of Plaintiff's opposition/England reservation, Case No. 18FL00642, filed March 24, 2026)

---

\

---

# EXHIBIT P

---

## California Supreme Court Denial Orders — Case Nos. S294529 and S294534

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶5, ¶13, ¶25, ¶44, Count 6 ¶105*

**Description:**

The one-page denial orders from the California Supreme Court in Case No. S294529 (family law/DVRO petition, filed December 26, 2025) and Case No. S294534 (defamation case petition, filed December 26, 2025). These orders establish complete exhaustion of state remedies. Neither order contains any analysis or adjudication on the merits of the constitutional issues raised. The absence of any reasoned state court decision on the merits is directly relevant to Plaintiff's anti-preclusion argument: there was no merits adjudication that could have preclusive effect in this proceeding.

---

**ATTACH EXHIBIT P HERE** (California Supreme Court denial orders, Case Nos. S294529 and S294534)
*NOTE: Exact denial dates to be confirmed and inserted upon receipt of certified copies*

---

# EXHIBIT Q

---

## Federal Security Clearance Documentation

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶6, ¶50, ¶56 (Section E), ¶86, Prayer ¶1(b)*

⚠ **FILE UNDER SEAL — SUBJECT TO PROTECTIVE ORDER** ⚠

**Description:**

Documentation reflecting Plaintiff's active Top Secret federal security clearance, adjudicated through the Department of Defense and/or Department of Energy under the SF-86 process, which includes comprehensive review under National Security Adjudicative Guidelines (32 C.F.R. Part 147) Guideline J (Criminal Conduct) — the specific guideline governing restraining orders and domestic violence history. The federal government's own adjudicative determination that Plaintiff poses no security or suitability risk is direct evidence that the void DVRO does not represent a genuine finding of dangerousness under United States v. Rahimi, 602 U.S. 680, 701-02 (2024). The same government whose agents appeared at Plaintiff's door on October 21, 2024 has simultaneously determined Plaintiff is trustworthy to hold the nation's highest civilian clearance — these positions are irreconcilable.

**FILING NOTE: This exhibit must be lodged under seal or subject to a protective order. Do not disclose clearance level, sponsoring agency, or program details in the public record without a court order. Plaintiff will move for appropriate sealing or protective order concurrent with or prior to introduction of this exhibit.**

> **ATTACH EXHIBIT Q HERE** (Security clearance documentation — DO NOT INCLUDE IN PUBLIC FILING WITHOUT COURT ORDER) *NOTE: File under seal — Plaintiff to move for protective order concurrent with or prior to introduction*

---

## EXHIBIT R

### Plaintiff's Facebook Post — Political Commentary Regarding Charlie Kirk

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*

*Cited at: ¶46, ¶47, ¶90*

**Description:**

The Facebook post identified by DOJ agents on October 21, 2024 as a stated basis for their visit, reflecting Plaintiff's political commentary regarding Charlie Kirk. This document supports Plaintiff's allegation that the post was protected First Amendment political speech — not a threat, not incitement, and not conduct prohibited by the DVRO. The post's content is directly relevant to the retaliatory and constitutionally pretextual nature of the October 21, 2024 enforcement action.

> **ATTACH EXHIBIT R HERE** (Printout or screenshot of Facebook post, with date, account identification, and any associated metadata)

---

## EXHIBIT S

### Child Support Misapplication Documentation — LA County / Watson Account

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶42A, Prayer ¶4(j), Prayer ¶5*

**Description:**

Documentation reflecting the misapplication by the Los Angeles County Department of Child Support Services of a child support payment of approximately $1,700 made by Plaintiff to the Santa Cruz County Department of Child Support Services and designated for a separate child support obligation unrelated to the Watson/Skylar account. The Los Angeles County Department of Child Support Services intercepted that payment, applied it to the fraudulent Watson account without Plaintiff's authorization, and refused to return it after Plaintiff notified both agencies of the misapplication.

This exhibit supports: (a) the Title IV-D individually enforceable rights claim under Blessing v. Freestone, 520 U.S. 329 (1997), and the specific statutory obligations imposed by 42 U.S.C. § 666(a)(8), 45 C.F.R. § 302.32, and 45 C.F.R. § 303.100; (b) the Monell pattern-and-practice allegations against LA County as a county agency perpetuating the fraud enabled by the void DVRO; (c) the compensatory damages claim in Prayer ¶4(j); and (d) the punitive damages allegations against Rios in Prayer ¶5 for exploiting the fraudulent Watson account to intercept and retain funds designated for a different child.

The misapplication of a $1,700 payment to a fraudulent account in defiance of the payor's designated intent may constitute grand theft under California Penal Code § 487 (threshold: $950). LA County's refusal to correct the misapplication after specific notification is itself evidence of the institutional pattern of perpetuating rather than correcting the fraud enabled by the void DVRO.

*OPEN ITEM: Confirm documentation with Mark before filing. Any of the following will suffice: written correspondence to or from either county agency; a case number or payment reference number from the Santa Cruz County payment; a written response or lack of response from LA County after notification; or any other record documenting the payment, its designation, and the misapplication.*

**ATTACH EXHIBIT S HERE** (Written correspondence, payment records, case numbers, or any documentation of the misapplication and LA County's refusal to correct — date of payment to be confirmed with Mark) *NOTE: Confirm exact date of payment and name of agency contact before filing*

---

## EXHIBIT T

**DOJ Civil Rights Division Dear Colleague Letter — Fines and Fees, April 20, 2023**

*Esquibel v. Rios et al., Case No. 5:___-cv-_____*
*Cited at: ¶42A, ¶65, Prayer ¶3A*

**Description:**

U.S. Department of Justice, Civil Rights Division / Office for Access to Justice, Dear Colleague Letter to Courts Regarding Fines and Fees for Youth and Adults, dated April 20, 2023. This

guidance letter identifies: (a) the due process prohibition on automatic or coercive collection of financial obligations without an ability-to-pay inquiry; (b) the Fourteenth Amendment's prohibition on practices that punish individuals without constitutionally adequate process; and (c) the obligations of federally-funded recipients to ensure that fines and fees practices do not violate constitutional rights.

This exhibit is cited in ¶42A and ¶65 to support the constitutional infirmity of the ongoing extraction of child support payments under a fraudulent identity — the Watson surname — without any process to challenge the underlying void DVRO. It is also cited in Prayer ¶3A in support of the expanded database correction request. The guidance letter was issued by the same federal department whose agents appeared at Plaintiff's door on October 21, 2024, and reinforces the conclusion that coercive financial collection without adequate process violates the Fourteenth Amendment.

The Dear Colleague Letter is a publicly available document published by the U.S. Department of Justice and is subject to judicial notice as a federal agency record under Federal Rule of Evidence 201(b)(2) and 28 U.S.C. § 1733.

*SOURCE: Available at https://www.justice.gov — search 'Dear Colleague Letter Fines and Fees April 2023.' Plaintiff will print and attach a true and correct copy of the publicly available letter from the DOJ website.*

**ATTACH EXHIBIT T HERE** (Printed copy of DOJ Civil Rights Division Dear Colleague Letter to Courts Regarding Fines and Fees for Youth and Adults, dated April 20, 2023 — download from DOJ website and attach)