**FILED**

MAR 3 0 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

**MARK ESQUIBEL,**

*Plaintiff,*

v.

MARIE RIOS; CARLOS MARTINEZ; SANTA CRUZ COUNTY SHERIFF'S DEPARTMENT; HON. KATHERINE HANSEN, in her official capacity only; and DOES 1 through 10, inclusive,

*Defendants.*

C 26 02755 SVK

*Case No. 5:___-cv-_____*

**PLAINTIFF'S ADMINISTRATIVE MOTION FOR CONSOLIDATED BRIEFING SCHEDULE AND PRE-AUTHORIZED LEAVE TO FILE FIRST AMENDED COMPLAINT**

*(N.D. Cal. Civil L.R. 7-11; FRCP 6(b), 12, 15(a)(2))*

## INTRODUCTION

Plaintiff Mark Esquibel, proceeding pro se, respectfully moves for an order establishing a consolidated briefing schedule and pre-authorizing leave under Federal Rule of Civil Procedure 15(a)(2) for Plaintiff to file a First Amended Complaint simultaneously with his consolidated opposition to Defendants' threshold motions. This motion is filed concurrently with the Complaint.

The relief requested serves a single coherent purpose: to allow Plaintiff to present **one complete, integrated response** to all Defendants' threshold arguments, incorporating: (a) documentary exhibits identified but not attached to the original Complaint; (b) materials from pending FOIA requests regarding the October 21, 2024 DOJ enforcement action; and (c) any additional facts arising from the April 14, 2026 DVRO renewal hearing in Santa Cruz County Superior Court — all in a single filing that simultaneously constitutes Plaintiff's opposition brief and his First Amended Complaint.

Upon filing of the First Amended Complaint, all pending motions to dismiss directed at the original Complaint are mooted as a matter of law. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). The Court's docket is thereby cleaned in a single round of briefing, without the inefficiency of piecemeal amendment.

## BACKGROUND

This is a civil rights action under 42 U.S.C. § 1983 arising from Defendants' independent misconduct in procuring and enforcing a domestic violence restraining order that has separated Plaintiff from his minor daughter for over four years, triggered a federal firearms disability under

18 U.S.C. § 922(g)(8), and culminated in a warrantless entry by four federal agents into Plaintiff's home on October 21, 2024. The claims arise from a single interlocking factual record across multiple California state court proceedings in Santa Cruz County and Santa Clara County.

State remedies are fully exhausted. Both of Plaintiff's Petitions for Review to the California Supreme Court were denied. Plaintiff also filed, on March 24, 2026, an express reservation of all federal constitutional claims in Santa Cruz County Superior Court Case No. 18FL00642 under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), defeating any Younger abstention or San Remo Hotel preclusion argument.

The Complaint names five Defendants whose responsive pleadings and motions may be staggered over several weeks or months. Plaintiff does not attach exhibits to the Complaint at this time — attachment is not required under FRCP 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) — but has organized and indexed eighteen categories of documentary evidence, described in the concurrently filed Exhibit Index. Plaintiff intends to incorporate those exhibits, FOIA response materials, and supplemental factual allegations into a First Amended Complaint filed simultaneously with the consolidated opposition brief.

## RELIEF REQUESTED

Plaintiff requests an order providing:

1. **Track One — Consolidated Opposition Deadline:** A single opposition deadline of **45 days** running from the date the **last** Defendant files a responsive motion or pleading, at which time Plaintiff shall file one consolidated opposition addressing all pending threshold motions directed at the original Complaint.

2. **Track Two — Pre-Authorized Leave to File First Amended Complaint:** Pre-authorization under FRCP 15(a)(2) for Plaintiff to file a First Amended Complaint simultaneously with his consolidated opposition brief. The FAC will: (a) incorporate documentary exhibits identified in the concurrently filed Exhibit Index; (b) address any pleading deficiencies identified in Defendants' motions; (c) incorporate facts developed through pending FOIA requests regarding the October 21, 2024 DOJ enforcement action; and (d) incorporate any additional facts arising from the April 14, 2026 DVRO renewal hearing. Upon filing of the FAC, all pending motions to dismiss directed at the original Complaint shall be mooted, and Defendants shall have 21 days to respond to the FAC or such other time as the Court may order.

3. **Track Three — Case Management Conference:** An initial case management conference scheduled after all Defendants have appeared, consistent with N.D. Cal. Civil Local Rules.

## ARGUMENT

### I. A Consolidated Briefing Schedule Is Warranted by the Interconnected Nature of Defendants' Anticipated Defenses.

This action names five Defendants with overlapping but distinct roles in the events at issue. Each Defendant will likely raise threshold defenses from the same doctrinal menu — Rooker-Feldman, Younger abstention, claim and issue preclusion, qualified immunity, Eleventh Amendment immunity, and state actor analysis under *Dennis v. Sparks*, 449 U.S. 24 (1980) — all arising from

the same operative facts. Requiring Plaintiff to file separate opposition briefs on staggered deadlines would force repeated briefing of identical threshold issues without knowledge of the complete defense posture. The result would be inconsistent briefing, duplicative Court workload, and prejudice to a pro se plaintiff.

A consolidated deadline — running from the last Defendant's responsive motion — solves all of these problems. Plaintiff presents a single, comprehensive response to all threshold arguments, the Court addresses them together, and the briefing cycle closes in one round. Courts in the Northern District regularly approve similar relief in multi-defendant civil rights actions. *See* N.D. Cal. Civil L.R. 7-11; FRCP 6(b)(1)(A).

## II. Pre-Authorization Under FRCP 15(a)(2) — Not Extension of the As-of-Right Window — Is the Correct Vehicle.

Federal Rule of Civil Procedure 15(a)(1)(B) grants a plaintiff the right to amend once as of right within 21 days after service of the first responsive pleading or FRCP 12 motion. That window runs from the **first** defendant to file — not the last — and courts generally cannot extend it under FRCP 6(b) because it is a rule-based substantive right rather than a court-imposed deadline. Plaintiff does not ask this Court to extend that window.

Instead, Plaintiff requests that the Court now exercise its broad discretion under **FRCP 15(a)(2)** to pre-authorize leave to amend at a defined future point. Rule 15(a)(2) instructs that the court "should freely give leave when justice so requires." The Supreme Court has held that this standard is to be applied liberally, and that denial of leave is appropriate only upon a showing of undue delay, bad faith, dilatory motive, prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those factors is present here.

Pre-authorization of a FRCP 15(a)(2) amendment at the consolidated opposition stage is a recognized and judicially efficient practice. Where a plaintiff files an amended complaint simultaneously with opposition to a motion to dismiss, the amended complaint supersedes the original, the motion to dismiss directed at the original complaint is mooted, and the Court avoids adjudicating arguments that may be rendered moot by the amendment. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (amendment mooting pending motion to dismiss is standard practice).

Granting pre-authorization now — rather than requiring Plaintiff to file a separate leave-to-amend motion at the opposition stage — eliminates an additional round of motion practice, reduces delay, and gives Defendants advance notice of Plaintiff's intended procedure so they can plan their responses accordingly.

## III. The Simultaneous FAC-Plus-Opposition Filing Is the Optimal Procedural Structure for This Case.

Plaintiff's intended procedure — filing his consolidated opposition and First Amended Complaint as a single integrated submission — is not merely efficient; it is strategically sound for both parties and the Court for three independent reasons.

**First, the FAC moors the opposition to concrete allegations.** A consolidated opposition that incorporates the FAC by reference gives the Court a complete, updated factual record against

which to evaluate Defendants' threshold arguments. The Court does not have to hypothesize whether pleading deficiencies identified in the MTDs could be cured — it can see the cure.

**Second, the FAC will incorporate time-sensitive evidence not yet available.** Plaintiff has filed or will file FOIA requests with the Department of Justice, ATF, and FBI Fresno for body camera footage from the October 21, 2024 enforcement action and all related authorization documents. The identities of two agents who refused to identify themselves are currently unknown and will be ascertained through FOIA and discovery. Additionally, the April 14, 2026 DVRO renewal hearing in Santa Cruz County Superior Court Case No. 18FL00642 may generate rulings and facts directly relevant to the preliminary injunction motion, the Younger abstention analysis, and the ongoing constitutional injury allegations. Filing the FAC after this evidence becomes available produces a more complete, more efficient pleading.

**Third, the procedure aligns with the Ninth Circuit's default rules on amendment and mootness.** Under Ninth Circuit precedent, an amended complaint supersedes the original and renders pending motions to dismiss directed at the original complaint moot. *Forsyth*, 114 F.3d at 1474. Defendants are not prejudiced — they receive a 21-day window to respond to the FAC and may renew any threshold arguments they choose. The Court benefits because it adjudicates the FAC's allegations, not a moving target.

### IV. *Good Cause Exists for the Requested Schedule.*

Good cause under FRCP 6(b)(1)(A) and the interests of justice under FRCP 15(a)(2) are both satisfied by the following undisputed circumstances:

(a) Plaintiff proceeds pro se in an action involving five Defendants with access to experienced counsel.

(b) The claims arise from a single interlocking factual record; consolidated briefing avoids piecemeal, repetitive, and potentially inconsistent opposition briefing.

(c) Material evidence — FOIA-responsive body camera footage and the outcome of the April 14, 2026 state court renewal hearing — is expected within weeks of filing and will materially affect the allegations in the FAC.

(d) No Defendant is prejudiced: each Defendant's substantive response time to the FAC is preserved (21 days upon FAC filing), and Defendants have advance notice of the intended procedure through this motion.

(e) Consolidated briefing reduces rather than increases the Court's workload by collapsing what would otherwise be five separate briefing cycles and a separate leave-to-amend motion into a single integrated filing.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this administrative motion and enter an order:

(1) setting a single consolidated opposition deadline of **45 days** running from the date the last Defendant files a responsive motion or pleading;

(2) **pre-authorizing** leave under FRCP 15(a)(2) for Plaintiff to file a First Amended Complaint simultaneously with the consolidated opposition, with all pending motions to dismiss directed at the original Complaint mooted upon filing of the FAC, and Defendants to have 21 days to respond to the FAC; and

(3) scheduling an initial case management conference after all Defendants have appeared.

Dated: _____MARCH 30_____, 2026

Respectfully submitted,

_Mark Esquibel_

**MARK ESQUIBEL**

Plaintiff, Pro Se

4768 Soquel Drive # 12

Soquel, California 95073