UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ESQUIBEL,

Plaintiff,

v.

MARIE RIOS, et al.,

Defendants.

Case No. 26-cv-02755-NW

**ORDER DENYING IFP WITHOUT PREJUDICE; DENYING MOTION TO CONSOLIDATE BRIEFING AS MOOT**

Re: ECF No. 4, 5

Pending before the Court are (1) Plaintiff Mark Esquibel's application to proceed in forma pauperis ("IFP") in this action and (2) Esquibel's motion for a consolidated briefing schedule and preauthorized leave to file a first amended complaint. ECF Nos. 4, 5. Because the application lacks sufficient detail, the Court DENIES Plaintiff's IFP application WITHOUT PREJUDICE. As a result, Plaintiff's consolidated briefing motion is DENIED AS MOOT.

"Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (quotation marks omitted); *see also Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (affirming denial of IFP application when applicant "failed to provide sufficient details concerning his income, assets, and expenditures").

Plaintiff filed his motion on March 30, 2026. ECF No. 4. His motion fails to include sufficient detail to permit the Court to evaluate whether he is unable to pay the filing fees under 28 U.S.C. § 1915. For example, Plaintiff states he is unemployed and provided no information regarding any previous employment. Plaintiff indicates that he makes monthly child support

payments, but he fails to explain how he currently makes those payments given his lack of employment. *See id.* at Q9. Plaintiff must provide a more coherent and detailed explanation of his financial status and obligations for the Court to determine if he is entitled to proceed IFP.

Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiff's application to proceed IFP. Plaintiff shall have through **May 15, 2026** to file another application to proceed IFP. In his renewed motion, Plaintiff must reasonably and truthfully answer all applicable questions, including those that require him to indicate sources of income, expenses, and liabilities. If Plaintiff fails to file a renewed motion to proceed IFP by April 1, 2026, the Court will dismiss the action without prejudice. In the alternative, Plaintiff may choose instead to pay the filing fee rather than submit a renewed IFP motion.

Plaintiff's remaining motion is DENIED AS MOOT. In the motion itself, Plaintiff explains that "[t]he relief requested serves . . . to allow Plaintiff to present one complete, integrated response to" any motion filed by Defendants. Because the Court has not yet (1) granted the IFP application, (2) screened Plaintiff's complaint, or (3) ordered service on Defendants, Plaintiff's motion is premature. Plaintiff may renew his motion if such circumstances actually arise.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
Noël Wise
United States District Judge