Mark Esquibel
4768 Soquel Drive #12
Soquel, CA 95073
Plaintiff In Pro Per

SCANNED

FILED

CH

APR 20 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

280 South 1st Street, Room 2112
San Jose, CA 95113
408-535-5363

**MARK ESQUIBEL,**
        Plaintiff,

                v.

**MARIE RIOS; CARLOS MARTINEZ;**
**COUNTY OF SANTA CRUZ; HON.**
**KATHERINE HANSEN; DOES 1-10,**
        Defendants.

**Case No. 5:26-cv-02755-SVK**

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

# PURSUANT TO FED. R. CIV. P. 65(b)

[Filed Concurrently with Declaration of Mark Esquibel]

### EXECUTIVE SUMMARY

**This case is extraordinary in its simplicity.** A nearly five-year-old Domestic Violence Restraining Order — never properly served, based on an *insurance cancellation* by Marie Rios that does not constitute domestic violence under any reading of Family Code §6203 — is being used to permanently separate a father from his daughter, strip his Second Amendment rights, and generate litigation revenue for an attorney who cannot legally collect fees.

**There has been zero contact between the parties.** Mr. Esquibel has had no contact whatsoever with Rios for years. There have been zero violations of the DVRO in nearly five years. There is no ongoing domestic relationship — the parties were never married and dated only briefly. There is no threat, no danger, and no domestic violence — and there never was. The predicate act was cancelling an insurance policy. The DVRO serves no protective purpose. Its only remaining function is as litigation leverage. *See In re Marriage of Nadkarni*, 173 Cal.App.4th 1483 (2009) (DVPA requires actual "abuse" as defined under §6203; courts should not stretch the statute beyond its boundaries).

**The attorney driving this litigation cannot legally collect fees.** Carlos Martinez (SBN 248358) is subject to a $536,000 assignment order with 10% compounding interest (Case No. 19CV358986, July 29, 2024), which prohibits fee collection outside the assignment framework. He has seven State Bar complaints and two mental health diversions. He has forum-shopped this case for three years across Watsonville, downtown Santa Cruz, Santa Clara Superior Court, and the Sixth District Court of Appeal. His appeal of Defendant Hansen's own ruling denying Rios's request to terminate Plaintiff's parental rights (H054010) was dismissed on March 23, 2026 for failure to prosecute.

**Not a single filing has addressed the child's best interests.** In nearly three years, across dozens of filings in multiple courts, Martinez has never once addressed the best interests of the child, Skylar Esquibel (aka Watson). The DVRO has separated a father from his daughter for over five years, and the attorney seeking to make that separation permanent has never mentioned whether that separation serves the child's interests.

**Who is paying for this?** Rios is on disability and is collecting public benefits under the fraudulent name "Skylar Watson" rather than the child's legal name, Skylar Esquibel — despite three separate orders by Judge Knish in 2016 directing the name change to Esquibel, none of which Rios has complied with. Rios's Orange County case was dismissed for fraud upon the court for this very conduct. Martinez is subject to a $536,000 assignment order prohibiting fee collection outside the assignment framework. Upon information and belief, Martinez may be circumventing this prohibition by accepting payments under the name "C. Martin" rather than his full legal name — a practice that, if confirmed, would constitute a violation of the assignment order and an independent act of fraud. Yet Martinez has filed motions, ex parte applications, renewal petitions, discovery requests, and appeals across multiple courts for years on behalf of a client who cannot lawfully pay and whom he cannot lawfully bill.

Financial desperation runs deeper. Plaintiff fully paid his child support obligation for his other daughter, Sasha Esquibel, through Santa Cruz County — that case is closed and paid in full. However, in 2024, Rios filed an unserved petition in Los Angeles County under the fraudulent "Watson" name. LA County then intercepted the $1700 dollars from the Santa Cruz County case, pulled the money across counties, and applied it to Rios's fraudulent Watson account — effectively taking money Plaintiff had already paid for Sasha Esquibel in Santa Cruz County and redirecting it to Rios in LA County under a name that does not legally exist. Rios was never required to serve

Plaintiff with the LA. County petition, Plaintiff received no notice, and LA County has refused to return the misapplied funds. The case manager for Sasha Esquibel (Jessica Collins) sent LA County proper forms twice to correct this error and L.A. County refused and said the funds had already been distributed to Rios (aka, Marie Rivers) under the fraudulent name Watson. The misapplication of these funds raises serious questions about LA County's compliance with its obligations under the Title IV-D program, including 45 CFR §302.19, which mandates safeguards against fraud in the collection and distribution of child support — questions Plaintiff intends to pursue in his First Amended Complaint.

The inference from these facts is inescapable: both Martinez and Rios are financially desperate, both appear to be engaging in fraud to generate income, and the DVRO is the only tool they have left. It is not about protection — there has been zero contact and zero violations in five years. It is about leverage. Martinez needs litigation activity to generate settlements or judgments that can satisfy his assignment order. Rios needs the DVRO to maintain the fraudulent "Watson" identity that supports her benefits claims and her ability to intercept child support payments across counties. The child, Skylar Esquibel, is a bargaining chip for both of them. And not a single filing in nearly five years has addressed her best interests.

**The state court proceedings demonstrate a departure from neutral adjudication.** Rather than dismissing a facially defective renewal petition, the state court advised opposing counsel from the bench regarding the specific filings necessary to cure procedural defects before the next hearing. The court further entertained a bench warrant request at a civil hearing, attempted to swear Plaintiff in to establish testimonial jurisdiction despite his express special appearance and *England –Jennings* reservation, and demanded Plaintiff's physical presence with effectively one business day's notice while he was out of state. Most alarmingly, the court threatened to hold a trial on April 14 if Plaintiff did not agree to appear in person on April 21 2026— despite the absence of any notice of trial, trial setting conference, discovery, or witness lists. These actions raise serious due process concerns and force Plaintiff to seek immediate federal relief.

**This Court is Plaintiff's only remedy.** Both California Supreme Court petitions have been denied. The Sixth District dismissed Martinez's appeal. Defendant Hansen herself directed Plaintiff to "go to the Ninth Circuit." Plaintiff took her advice. He filed this federal action. He placed an *England-Jennings* reservation on the state court record. State remedies are fully exhausted. Plaintiff respectfully asks this Court to protect his constitutional rights.

## I. INTRODUCTION

Plaintiff Mark Esquibel respectfully moves this Court on an emergency basis for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b), enjoining Defendant Hon. Katherine Hansen and all persons acting in concert with her from conducting a hearing currently scheduled for Tuesday, April 21, 2026, in Santa Cruz County Superior Court Case No. 18FL00642, or in the alternative, enjoining any adverse action against Plaintiff at that hearing, including but not limited to the issuance of a bench warrant, contempt finding, or any custodial order.

This motion is necessitated by extraordinary circumstances: Defendant Hansen, with full knowledge of this pending federal civil rights action and Plaintiff's express England-Jennings reservation of federal claims, has taken a series of actions at hearings on April 3 and April 14, 2026, that demonstrate an intent to coerce Plaintiff's physical presence for purposes that appear retaliatory rather than judicial.

The Anti-Injunction Act, 28 U.S.C. §2283, does not bar this relief. Section 1983 is an expressly authorized exception. *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972).

## II. BACKGROUND

### A. The Underlying Federal Action

Plaintiff filed this action on or about March 28, 2026, asserting claims under 42 U.S.C. §1983 for violations of his Fourteenth Amendment procedural and substantive due process rights, Second Amendment rights, Fourth Amendment rights, and First Amendment rights, arising from a Domestic Violence Restraining Order issued April 1, 2021 in Santa Cruz County Superior Court Case No. 18FL00642. The DVRO was issued without personal service, based on an insurance cancellation allegation that does not constitute domestic violence under Family Code §6203, by a judge who was undergoing cancer treatment and passed away in 2023.

On March 24, 2026, Plaintiff filed a comprehensive opposition to a DVRO renewal petition that included an express England-Jennings reservation of all federal constitutional claims. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 421 (1964).

### B. The DVRO Serves No Protective Purpose

The parties were never married and had only a brief relationship. There has been zero contact between them for years. There have been zero violations in nearly five years. The predicate act — cancellation of an insurance policy — does not constitute abuse, threats, harassment, stalking, or any form of domestic violence recognized under Family Code §6203. The DVRO has no ongoing protective function. Its sole function is as litigation leverage.

### C. Martinez's Disqualifying Conduct and Financial Motive

Carlos Martinez (SBN 248358) has seven State Bar complaints and two mental health diversions. He is subject to a $536,000 assignment order with 10% compounding interest (Case No. 19CV358986, July 29, 2024), which prohibits fee collection outside the assignment framework. His client, Marie Rios, is on disability. Martinez has forum-shopped this case for three years. His appeal of Judge Hansen's own ruling denying Rios's request to terminate Plaintiff's parental rights (H054010) was dismissed on March 23, 2026 for failure to prosecute. He filed a $1.15 million malicious prosecution lawsuit (25CV01051) that is premature while the underlying appeal is pending. His ex parte for alternative service was rejected on March 20, 2026 for missing mandatory forms. In nearly three years, not a single filing by Martinez has addressed the best interests of the child.

Despite this documented pattern of frivolous and defective filings, the state court has imposed no sanctions on Martinez under CCP §128.5 or §128.7, has not referred Martinez to the State Bar as required by Business and Professions Code §6086.7(a)(2) when a judge has knowledge of credible evidence of attorney misconduct, and has not exercised its inherent authority to protect Plaintiff from litigation abuse. Instead, the state court has coached Martinez on how to cure his procedural defects. The state court's failure to hold Martinez accountable — while simultaneously threatening Plaintiff with a bench warrant and a trial on one business day's notice — further demonstrates the inadequacy of the state forum and the necessity of federal intervention

### D. Events at the April 3, 2026 Hearing

On April 3, 2026, Defendant Hansen conducted a hearing at which Martinez requested the court issue a bench warrant for Plaintiff's arrest. This request was made in the context of a civil DVRO renewal proceeding for which Plaintiff was never properly served.

### E. Events at the April 14, 2026 Hearing

On April 14, 2026, Plaintiff appeared remotely under special appearance only, as he was out of state. At this hearing, Defendant Hansen:

1. Swore both Plaintiff and Rios in under oath, despite Plaintiff's special appearance and England-Jennings reservation — an evidentiary hearing procedure inappropriate for a motion hearing and an apparent attempt to establish testimonial jurisdiction in violation of Plaintiff's reservation of federal claims;

2. Attempted to conduct a hearing on the merits despite Plaintiff's objections and the absence of proper service;

3. Instructed opposing counsel Martinez from the bench on specific paperwork to file before the next hearing, creating an appearance of bias and raising serious concerns about the neutrality of the tribunal;

4. Ordered Plaintiff to appear in person on Tuesday, April 21, 2026, with effectively one business day's notice while Plaintiff was out of state;

5. Accepted Rios's excuse for not appearing in person (child had school testing) while refusing to extend the same accommodation to Plaintiff.

6. Judge Hansen stated that if Plaintiff did not agree to appear in person on April 21, 2026, she would hold a trial that day on April 14 2026.. No notice of trial has ever been issued in this case. No trial setting conference has been held. No witness lists have been exchanged. A DVRO renewal under Family Code §6345 is a motion hearing — not a trial. Threatening to convert a motion hearing into a trial on one business day's notice, at a proceeding for which Plaintiff was never properly served, would constitute a fundamental denial of due process. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

### F. Improper Electronic Service

Martinez has attempted to serve Plaintiff through the court's e-filing system without Plaintiff's consent, in violation of Code of Civil Procedure §1010.6 and California Rules of Court rule 2.251. The system identifies Plaintiff as "Other Service Contacts not associated with a party on the case," confirming Plaintiff has never consented to electronic service.

## III. LEGAL STANDARD

A temporary restraining order may issue where the movant demonstrates: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

In the Ninth Circuit, a "serious questions" sliding scale remains viable: serious questions going to the merits combined with a hardship balance tipping sharply in the movant's favor can support injunctive relief, provided the movant also demonstrates irreparable harm and that the injunction serves the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Anti-Injunction Act does not bar this relief because §1983 is an expressly authorized exception. *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972).

## IV. ARGUMENT

### A. Likelihood of Success on the Merits

Plaintiff is likely to succeed on his procedural due process claim. The underlying DVRO was issued without personal service as required by Family Code §6384, based on a factual predicate that does not constitute domestic violence under Family Code §6203, without any hearing at which Plaintiff was present or represented. No Statement of Decision was ever issued despite multiple timely requests.

The state court's conduct at the April 3 and April 14 hearings strengthens Plaintiff's federal claims. A neutral tribunal does not entertain bench warrant requests at unserved civil hearings, swear in parties who have made special appearances, or instruct opposing counsel on procedural cures. These actions raise serious concerns about judicial bias. See *Liteky v. United States*, 510 U.S. 540 (1994) (framework for analyzing judicial bias);

*Dominguez v. Kernan*, 906 F.3d 1127 (9th Cir. 2018) (state court bias actionable under §1983). The state court's threat to hold a trial on April 14, 2026 — with no notice of trial, no trial setting conference, and no witness lists — independently violates due process. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'). One business day's notice of a trial at an unserved civil hearing is the antithesis of this standard.

Plaintiff has fully exhausted state remedies. Both California Supreme Court petitions were denied. Defendant Hansen herself directed Plaintiff to "go to the Ninth Circuit." *Pulliam v. Allen*, 466 U.S. 522 (1984) (judicial immunity does not bar injunctive relief under §1983).

## B. Irreparable Harm

Plaintiff faces the imminent threat of arrest at a civil proceeding based on a void order. Deprivation of physical liberty constitutes irreparable harm per se. If the permanent DVRO renewal is granted, Plaintiff will be permanently separated from his minor daughter and permanently deprived of his Second Amendment rights.

The loss of constitutional rights, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## C. Balance of Equities

The balance overwhelmingly favors Plaintiff. Defendants have no legitimate interest in enforcing a DVRO based on an insurance cancellation with no proper service, no violations, and no ongoing contact. Rios retains the remedy of seeking a new DVRO with proper service and a legitimate factual predicate. Enjoining this proceeding prejudices no one's safety.

## D. Public Interest

The public interest favors constitutional compliance. The public has no interest in the enforcement of void orders, the arrest of pro se litigants at unserved civil hearings, or state court proceedings that facilitate an attorney's use of a child as financial leverage.

## E. Younger Abstention Does Not Apply

Federal courts are not required to abstain under *Younger* when the state proceedings are inadequate to raise or protect federal claims, or when the state forum is acting in bad faith.

*Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003);

*Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

Plaintiff has an express England-Jennings reservation on the state court record, and both California Supreme Court petitions have been denied. The state court's recent conduct — advising opposing counsel on procedural cures from the bench, entertaining custodial warrant requests at a civil hearing for a void order, and attempting to override Plaintiff's special appearance — demonstrates that the state forum is fundamentally inadequate to protect Plaintiff's federal constitutional rights. Under these circumstances, Younger poses no barrier to federal intervention.

Furthermore, the balance of hardships tips so sharply in Plaintiff's favor regarding the imminent threat to physical liberty that intervention is demanded under the Ninth Circuit's sliding scale. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

The inadequacy of the state forum is further demonstrated by the state court's refusal to exercise its authority over opposing counsel's conduct. Martinez has filed a defective appeal that

was dismissed, a rejected ex parte missing mandatory forms, a second ex parte with unauthorized e-service, and a premature malicious prosecution lawsuit — all without any sanction, admonishment, or referral to the State Bar. California judges have a mandatory duty under Business and Professions Code §6086.7(a)(2) to notify the State Bar when they possess credible evidence of attorney misconduct. The state court's failure to discharge this duty, combined with its active coaching of Martinez, establishes that Plaintiff cannot obtain meaningful protection of his federal rights in the state forum.

## V. COMPLIANCE WITH FRCP 65 AND LOCAL RULES

### A. Notice Certification Under FRCP 65(b)(1)(B)

Pursuant to FRCP 65(b)(1)(B), Plaintiff certifies the following efforts to provide notice of this Motion to adverse parties:

Plaintiff is concurrently requesting that the United States Marshal for the Northern District of California serve a complete copy of this Motion, Declaration, Proposed Order, and all supporting documents upon each Defendant pursuant to 28 U.S.C. §1915(d). Due to the extreme shortness of time before the April 21, 2026 state court hearing, Plaintiff will additionally personally serve Defendant Carlos Martinez with these documents at the April 21 hearing pursuant to FRCP 5(b)(2)(A). Defendant Hon. Katherine Hansen will receive notice through a Judicial Notice of Federal Action filed concurrently in Santa Cruz County Superior Court Case No. 18FL00642, which attaches this Motion as an exhibit. The urgency of the April 21 hearing date necessitates expedited consideration regardless of whether formal Marshal service is completed before that date.

### B. Request for Waiver of Security Under FRCP 65(c)

Plaintiff respectfully requests that the Court exercise its discretion to waive the security requirement of FRCP 65(c) or set it at a nominal amount. The Ninth Circuit has established that district courts may dispense with the security requirement, particularly in civil rights cases where requiring a bond would effectively deny access to judicial review. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003);
*Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).
Plaintiff proceeds in pro per with limited resources to vindicate fundamental constitutional rights against facially void state action. Enjoining enforcement of a defective DVRO imposes no cognizable harm on Defendants, as the underlying predicate (insurance cancellation) does not constitute domestic violence. The public interest in preventing unconstitutional deprivations of parental and Second Amendment rights is compelling. Plaintiff requests the security be waived or set at $0.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order enjoining Defendant Hansen and all persons acting in concert with her from conducting the hearing scheduled for April 21, 2026 in Santa Cruz County Superior Court Case No. 18FL00642, or in the alternative, enjoining any adverse action against Plaintiff including but not limited to the issuance of a bench warrant, contempt finding, or custodial order;

2. Issue a Temporary Restraining Order enjoining Defendants from enforcing or renewing the April 2021 DVRO pending resolution of this federal action;

3. Waive the security requirement of FRCP 65(c) or set it at a nominal amount;

4. Set an expedited hearing on Plaintiff's motion for preliminary injunction;

5. Grant such further relief as this Court deems just and proper.

Dated: __APRIL 19__, 2026

_Mark Esquibel_

Mark Esquibel
Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

**Case No. 5:26-cv-02755-SVK**

# DECLARATION OF MARK ESQUIBEL IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

I, Mark Esquibel, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated herein.

2. On March 28, 2026, I filed a civil rights complaint in this Court under 42 U.S.C. §1983, Case No. 5:26-cv-02755-SVK.

3. The DVRO was based on an insurance cancellation by Marie Rios. No act of violence, threat, harassment, stalking, or any conduct constituting domestic violence under Family Code §6203 has ever been alleged or established. The DVRO was never properly served on me. I have had zero contact with Rios for years. There have been zero violations in nearly five years.

4. On March 24, 2026, I filed a comprehensive opposition to the DVRO renewal petition that included an express England-Jennings reservation of all federal constitutional claims.

5. I was never served with the DVRO renewal petition (DV-700/DV-710 filed February 27, 2026) or any notice of hearing. Martinez's ex parte for alternative service was rejected on March 20, 2026 for missing mandatory forms. A second ex parte was filed April 10, 2026 and transmitted to an email address without my consent to electronic service under CCP §1010.6.

6. On April 3, 2026, Judge Hansen conducted a hearing at which Mr. Martinez requested a bench warrant for my arrest at a civil DVRO renewal hearing for which I was never properly served.

7. On April 14, 2026, I appeared remotely under special appearance only. I was out of state. At this hearing:

   a. Judge Hansen swore both me and Marie Rios in under oath, despite my special appearance — an evidentiary hearing procedure inappropriate for a motion hearing.

   b. I read my prepared statement into the record, asserting defective service, my England-Jennings reservation, the pending federal action, and my objections.

   c. Despite my objections, Judge Hansen attempted to conduct a hearing on the merits.

   d. Judge Hansen instructed Mr. Martinez from the bench on specific paperwork to file before the next hearing.

e. Judge Hansen ordered me to appear in person on Tuesday, April 21, 2026, with effectively one business day's notice.

f. When Marie Rios stated she could not appear in person because her child had school testing, Judge Hansen accepted this. No similar accommodation was offered to me. Judge Hansen stated that if I did not agree to appear in person on Tuesday, April 21, 2026, she would hold a trial that day. No notice of trial has ever been issued. No trial setting conference has been held. No witness lists have been exchanged. A DVRO renewal is a motion hearing, not a trial. I have never been given constitutionally adequate notice of any trial in this case.

8. I have genuine fear for my physical safety and liberty if I appear in person on April 21, 2026. Based on the bench warrant request, the swearing in, the coaching of opposing counsel, and the insistence on my physical presence, I believe there is a coordinated effort to place me in custody at a civil hearing for which I was never served.

9. I am a law-abiding citizen with a Top Secret security clearance adjudicated by the Department of Defense (DoD) and the Department of Energy (DOE). I am not a flight risk. I am not a danger to anyone. I am a father who has been separated from his daughter for over five years based on an insurance cancellation.

10. Mr. Martinez has seven State Bar complaints, two mental health diversions, and a $536,000 assignment order prohibiting fee collection. His client Rios is on disability. Not a single filing by Martinez in nearly three years has addressed the best interests of my daughter Skylar Esquibel (aka Watson).

11. The Sixth District dismissed Martinez's appeal (H054010) on March 23, 2026 for failure to prosecute. Martinez lost, abandoned his appeal, and now seeks permanent separation through a permanent DVRO.

12. Both of my California Supreme Court petitions (S294529 and S294534) have been denied. State remedies are fully exhausted.

13. I have never consented to electronic service under CCP §1010.6 or CRC rule 2.251. The e-filing system identifies me as "Other Service Contacts not associated with a party on the case."

14. Concurrently with this filing, I am requesting that the United States Marshal for the Northern District of California serve copies of this Motion and all supporting documents upon each Defendant pursuant to 28 U.S.C. §1915(d). Due to the urgency of the April 21, 2026 hearing, I will additionally personally serve Defendant Martinez with these documents at the hearing pursuant to FRCP 5(b)(2)(A). Defendant Hon. Katherine Hansen will receive notice through a Judicial Notice of Federal Action being filed concurrently in Santa Cruz County Superior Court Case No. 18FL00642, which attaches this Motion as an exhibit.

15. I respectfully request that this Court issue a Temporary Restraining Order to protect my constitutional rights and my physical liberty pending resolution of this federal action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _APRIL 19_ , 2026

_Mark Esquibel_

Mark Esquibel
Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

**Case No. 5:26-cv-02755-SVK**

# [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER

Having considered Plaintiff's Emergency Motion for Temporary Restraining Order and the Declaration of Mark Esquibel filed in support thereof, and good cause appearing therefor, the Court hereby ORDERS as follows:

1. Defendant Hon. Katherine Hansen and all persons acting in concert with her are TEMPORARILY RESTRAINED AND ENJOINED from conducting the hearing scheduled for April 21, 2026, or any continued or rescheduled hearing, in Santa Cruz County Superior Court Case No. 18FL00642, pending further order of this Court.

2. In the alternative, if the hearing proceeds, Defendant Hansen and all persons acting in concert with her are TEMPORARILY RESTRAINED AND ENJOINED from issuing any bench warrant, contempt finding, custodial order, or other adverse action against Plaintiff Mark Esquibel pending further order of this Court.

3. Defendants are TEMPORARILY RESTRAINED AND ENJOINED from enforcing or renewing the April 2021 DVRO pending further order of this Court.

4. The security requirement of FRCP 65(c) is WAIVED.

5. This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date of this Order. Fed. R. Civ. P. 65(b)(2).

6. A hearing on Plaintiff's motion for preliminary injunction is hereby set for _____, 2026 at _____ in Courtroom _____.

7. Plaintiff shall serve this Order on all Defendants forthwith.

**IT IS SO ORDERED.**


Dated: _____, 2026


_____

UNITED STATES DISTRICT JUDGE