**Mark Esquibel**
4768 Soquel Drive, #12
Soquel, CA 95073
*Plaintiff in Pro Per*



**FILED**

APR 29 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **MARK ESQUIBEL,**<br>Plaintiff, | **Case No. 5:26-cv-02755-NW** |
| v.<br><br>MARIE RIOS, et al.,<br>Defendants. | **PLAINTIFF'S SUPPLEMENTAL EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>[Fed. R. Civ. P. 65(b)]<br><br>**Supplements TRO Motion filed April 20, 2026** |

## I. INTRODUCTION

Plaintiff Mark Esquibel respectfully submits this supplemental ex parte motion for a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b). The motion is filed within the existing federal action and supplements the prior emergency TRO motion filed in this Court on April 20, 2026 and personally served on opposing counsel Carlos Martinez on April 21, 2026 at the Watsonville courthouse.

The relief requested is narrow. Plaintiff seeks an order enjoining the May 11, 2026 deposition subpoena (SUBP-020) issued by Mr. Martinez in Santa Cruz Superior Court Case No. 25CV01051, and enjoining further enforcement steps in that state action pending federal adjudication of Plaintiff's First Amendment retaliation claim.

The subpoena exposes itself. On its face, Attachment 3 commands production of *"All WRITINGS... that support the allegations in the complaint filed by MARK ESQUIBEL in Esquibel v Rios, Santa Clara County Case No. 20CV369516. "* That is a different case, in a different county, currently on appeal as H053207 in the Sixth District. Mr. Martinez has issued a deposition subpoena in a malicious prosecution case demanding the entire evidentiary record of the underlying defamation case the malicious prosecution depends upon — a defamation case currently on appeal. There is no narrower way to describe a fishing expedition.

More fundamentally, Mr. Martinez cannot win the underlying state case. He has already lost two of the three required elements as a matter of law, and the third — damages premised on parental rights — is foreclosed by Judge Hansen's own ruling preserving Plaintiff's parental rights. The May 11 deposition therefore cannot be aimed at proving the case. It can only be aimed at the purpose Mr. Martinez announced when he served it: **"to find all your money."**

The Court is asked to take one targeted step: stop the May 11 deposition until Plaintiff's federal civil-rights claims can be heard. If this record does not warrant federal injunctive relief, no record could.

## II. RELIEF REQUESTED

Plaintiff respectfully requests that this Court issue a Temporary Restraining Order, and following hearing a Preliminary Injunction, enjoining Defendants Marie Rios and Carlos Martinez (and any agents acting in concert with them) from:

1. Conducting the May 11, 2026 deposition of Mark Esquibel scheduled at 1015 Jefferson Street, Santa Clara, California, pursuant to SUBP-020 issued April 14, 2026 in Santa Cruz Superior Court Case No. 25CV01051;

2. Filing any Request for Court Judgment by Default (Form CIV-100) or noticing or conducting any prove-up proceeding in Case No. 25CV01051;

3. Taking any further enforcement steps on the November 5, 2025 discovery sanctions order entered in Santa Cruz Superior Court Case No. 18FL00642; and

4. Issuing any further deposition subpoena, document subpoena, or other discovery instrument to Plaintiff in Case No. 25CV01051,

— pending hearing and adjudication of Plaintiff's federal claims under 42 U.S.C. § 1983, including the First Amendment retaliation claim already pleaded in the operative Complaint.

Plaintiff further requests that bond under Rule 65(c) be waived in light of Plaintiff's pro per status, demonstrated indigency, and the public-interest character of the relief.

## III. JURISDICTION AND PROCEDURAL POSTURE

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). The Anti-Injunction Act, 28 U.S.C. § 2283, does not bar this relief. Section 1983 is an expressly authorized exception. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).

Plaintiff filed this action March 28, 2026, asserting claims under § 1983 arising from the April 1, 2021 Domestic Violence Restraining Order in Santa Cruz Superior Court Case No. 18FL00642 and from related retaliatory civil filings, including Case No. 25CV01051. Both California Supreme Court petitions for review (S294529 and S294534) were denied in March 2026; state remedies are exhausted. An England-Jennings reservation of all federal claims was placed on the state-court record on March 24, 2026, and renewed on the record at the April 14, 2026 hearing in 18FL00642.

On April 20, 2026, Plaintiff filed an emergency TRO motion directed to the DVRO state proceedings before Judge Katherine Hansen. The motion was personally served on Mr. Martinez April 21, 2026 at the Watsonville courthouse and remains pending.

On April 10, 2026, this Court denied without prejudice Plaintiff's in forma pauperis application. Plaintiff [refiling AO-239 with additional financial detail / proceeding as otherwise directed by this Court]. The pendency of IFP cure is not a jurisdictional bar to emergency injunctive relief under Rule 65(b) on a clear showing of immediate, irreparable harm.

## IV. NEW EVIDENCE SUPPORTING SUPPLEMENTAL RELIEF

### A. The April 21, 2026 SUBP-020 fishing expedition.

On April 21, 2026 at approximately 8:30 a.m., Mr. Martinez personally handed Plaintiff a Deposition Subpoena (SUBP-020) at the Watsonville courthouse, just before the DVRO renewal hearing was supposed to be called. Plaintiff appeared in the gallery and stated his England-Jennings reservation on the record. Judge Hansen and Mr. Martinez then acknowledged on the record that the DVRO renewal matter was not in fact calendared for that day. The hearing did proceed. The only purpose served by Plaintiff's required appearance that morning was to make

Plaintiff physically available so that Mr. Martinez could perform personal service of the SUBP-020 in the courthouse hallway. The subpoena commands Plaintiff to appear May 11, 2026 at 10:00 a.m. at Bay Area Law, 1015 Jefferson Street, Santa Clara, for a videotaped deposition with document production. (Exhibit A.)

Attachment 3 to the subpoena defines the documents demanded as: *"All WRITINGS, including all ELECTRONIC DATA, and including all COMMUNICATIONS, that support the allegations in the complaint filed by MARK ESQUIBEL in Esquibel v Rios, Santa Clara County Case No. 20CV369516."* (Exhibit A, Attachment 3.) That is the defamation case Plaintiff filed in 2020 in a different county. That case proceeded to trial. Plaintiff appealed. The appeal is presently pending as H053207 in the Sixth District. The pending appeal is the very fact that makes the present malicious prosecution case (25CV01051) premature under *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728 (2003).

At the moment of service, with Plaintiff's mother present as a witness, Mr. Martinez stated to Plaintiff substantially: **"where is your money... you just lied to a federal judge... I'm going to depose you and find all your money."** Plaintiff's sworn declaration filed concurrently sets out the encounter in greater detail. The statements describe the actual purpose of the May 11 deposition: an asset search and an attempt to retaliate for Plaintiff's federal filings, not legitimate civil discovery in a malicious prosecution action that cannot ripen until H053207 resolves.

## B. Judge Hansen's April 14, 2026 minute order in 18FL00642.

Also on April 14, 2026, Judge Katherine Hansen issued a minute order in 18FL00642 following the DVRO renewal hearing at which Plaintiff appeared remotely under special appearance. (Exhibit B.) The minute order is included here because it confirms on the face of the state record that the DVRO renewal proceeding remains active before Judge Hansen — the same

DVRO that was the predicate for the October 21, 2024 federal raid pleaded in the operative complaint, and the same DVRO that Mr. Martinez personally invoked at the courthouse minutes before serving the May 11 subpoena. The two state proceedings are not separate. They are two faces of one ongoing course of conduct, both before this Court.

## V. THE PATTERN: FORUM SHOPPING TO RELITIGATE WHAT CANNOT BE WON

### A. The pattern: forum shopping to relitigate what cannot be won.

This deposition is not a one-off. It is the latest instance of a documented pattern. When Mr. Martinez loses on the merits in one forum, he opens another forum and re-files. He does not appeal — he relitigates. The pattern is the case.

The April 1, 2021 DVRO at the heart of this litigation is itself a textbook example. The predicate conduct alleged was a five-year-old insurance dispute. An insurance dispute is not domestic violence under Family Code § 6203. The DVRO was nevertheless issued by default, by a judge who later passed away, without personal service. Plaintiff has had zero contact with Ms. Rios in nearly five years. There has not been a single alleged violation. And yet on February 27, 2026 — the very day the California Supreme Court denied review of Plaintiff's petitions challenging that DVRO — Mr. Martinez filed a renewal application asking Judge Hansen to make the order *permanent*. That is not litigation. That is forum shopping in slow motion: an attorney unable to defend the original order on the merits trying to lock it in by attrition.

### B. The malicious prosecution case is dead on the existing record.

The malicious prosecution action (25CV01051) is the same forum-shopping move in civil clothing. The defamation case — Santa Clara Superior Court Case No. 20CV369516 — was tried to verdict. The facts that trial established are the facts that doom Mr. Martinez's present case.

Plaintiff sued Ms. Rios for defamation because Ms. Rios had publicly stated that Plaintiff was a pedophile and should be in jail for what he had done to their daughter. When Plaintiff filed the lawsuit, Ms. Rios denied she had ever said any such thing — that was her defense. She then took the stand at trial and admitted, under oath, that she had said exactly that. The publication element of Plaintiff's defamation claim was therefore established by Ms. Rios from her own mouth, in open court, after she had spent the litigation denying it.

Plaintiff's reporting of suspected child abuse was independently protected by absolute statutory immunity under Penal Code § 11172, which controls over the general litigation privilege in Civil Code § 47(b). The trial court found that Plaintiff proved PC § 11172 immunity. That finding alone destroys the lack-of-probable-cause element of any subsequent malicious prosecution claim against Plaintiff: Mr. Martinez is asking this Court to find no probable cause where the Santa Clara trial court has already found absolute statutory immunity.

Judgment was nevertheless entered for the defendants on a procedural hearsay ruling tied to a filing failure by Plaintiff's prior trial counsel — a ruling unrelated to the merits the trial court had already resolved in Plaintiff's favor. Plaintiff timely appealed. The appeal is pending in H053207.

On Day 14 of the 60-day appeal period — before the appeal could be docketed and before any favorable termination could possibly exist — Mr. Martinez filed the present malicious prosecution action in a different county. He could not wait for the case to ripen because he knew it could not ripen, and because he knew the trial court's PC § 11172 finding made his case

unwinnable on the merits regardless of what H053207 ultimately holds. He is litigating around *Jarrow Formulas*, not within it.

## C. Mr. Martinez cannot meet any of the three required elements.

A malicious prosecution plaintiff must prove (1) favorable termination of the underlying action, (2) lack of probable cause, and (3) malice. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989). Mr. Martinez has lost two of the three on the existing record, and the third has been gutted by Judge Hansen's own ruling.

**Element 1 (favorable termination) — impossible while H053207 is pending.** A malicious prosecution claim cannot ripen until the underlying action is finally and favorably terminated. *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 741 (2003). The defamation appeal was reinstated August 12, 2025 and remains live in the Sixth District. The first element is foreclosed by the pending appeal itself.

**Element 2 (lack of probable cause) — foreclosed twice over.** First, on June 15, 2021, Judge Takaichi denied an anti-SLAPP motion in 20CV369516 on the express finding that Plaintiff had probable cause to bring the defamation action. That probable-cause finding has collateral-estoppel effect against any subsequent malicious prosecution claim. *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 817–818 (2002). Second, the trial court itself found that Plaintiff proved PC § 11172 immunity. Both rulings are on the Santa Clara record. Both bind Mr. Martinez. There is no path to litigating lack of probable cause that runs through the May 11 deposition or any other discovery instrument.

**Element 3 (damages premised on parental rights) — foreclosed by Judge Hansen's own ruling.** Judge Hansen denied Ms. Rios's request to terminate Plaintiff's parental rights and found the child's best interests are served by maintaining the father–daughter relationship. Mr.

Martinez appealed that ruling as Case No. H054010, defaulted on or about February 17, 2026, and the appeal was dismissed for failure to prosecute on March 23, 2026. There is no live state-court ruling supporting any damages theory premised on lost parental rights, because the only ruling on point preserves them.

No deposition can resurrect any of these elements. The May 11 deposition therefore cannot be aimed at proving the case. It can only be aimed at the purpose Mr. Martinez announced when he served it.

### D. What the deposition is actually for.

Mr. Martinez told Plaintiff what the deposition is for. At the moment he handed Plaintiff the subpoena outside Department C of the Watsonville courthouse on April 21, 2026 — on a morning Plaintiff had been required to appear for a DVRO renewal hearing that the Court and Mr. Martinez acknowledged on the record was not actually calendared, and that did proceed — with Plaintiff's mother present as a witness, Mr. Martinez stated substantially: **"where is your money... you just lied to a federal judge... I'm going to depose you and find all your money."** Mr. Martinez was not describing legitimate civil discovery. He was describing an asset hunt in a case he cannot win on the merits, served by an attorney who needed to be heard saying so.

Mr. Martinez has documented financial incentives for that posture. He is subject to a $536,000 assignment order entered July 29, 2024 in Case No. 19CV358986, accruing 10% compounding interest. He has seven State Bar complaints. He has been admitted to the State Bar Alternative Discipline Program twice on mental-health grounds. His license was placed on inactive status March 18, 2024 (Case 20-O-30885), suspended November 6, 2024, and reinstated November 12, 2024. He received a public reproval April 30, 2019 (Case 17-O-05632) and was placed on probation March 31, 2021 (Case 20-H-30311). He filed Plaintiff's contempt OSC on

November 4, 2024 — two days before that suspension took effect. The May 11 deposition is consistent with that record. It is not consistent with legitimate civil discovery in a case that cannot ripen, in a forum that already estopped its central premise, against a litigant whose absolute statutory immunity the trial court has already found.

Nothing can be gotten from this deposition other than the harassment of Plaintiff for money he does not owe in a case that cannot lawfully proceed. The Court should stop the deposition, impose sanctions, and refer Mr. Martinez to the State Bar for further investigation of the conduct documented herein.

## VI. THE WINTER FACTORS ARE SATISFIED

A TRO requires (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent relief, (3) balance of equities tipping in plaintiff's favor, and (4) that an injunction is in the public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008). The Ninth Circuit's sliding scale permits relief where serious questions are raised and the balance of hardships tips sharply for the plaintiff. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### A. Likelihood of success: First Amendment retaliation.

Count Five of the operative Complaint pleads First Amendment retaliation under *Hartman v. Moore*, 547 U.S. 250 (2006). The May 11 subpoena is the most recent step in a documented sequence: filings while suspended in November 2024; a malicious prosecution complaint filed on Day 14 of the 60-day appeal period in the underlying defamation case; the October 21, 2024 federal raid based on the void DVRO; the February 27, 2026 DVRO renewal seeking a permanent order — filed the day the California Supreme Court denied review; rejected ex parte applications in March 2026; and now a subpoena that on its face demands the evidentiary record of the case

currently on appeal. Each step responds to Plaintiff's exercise of protected petitioning activity, including this federal action.

## B. Irreparable harm.

If Plaintiff is forced to appear May 11 at Mr. Martinez's office and submit to videotaped deposition under document subpoena, the harm cannot be undone. The deposition is by its own terms an asset search and a backdoor relitigation of a case on appeal. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Once Mr. Martinez compels videotaped sworn testimony from Plaintiff in the offices of the same lawyer who openly told him at the courthouse that the purpose was "to find all your money," the chilling effect on Plaintiff's ongoing federal civil-rights litigation will be complete and irreversible.

## C. Balance of equities.

Defendants have no legitimate interest in conducting discovery in a state action that cannot ripen, in a forum that is the subject of a pending federal injunction motion, on a subpoena that on its face seeks the record of a different case currently on appeal. Plaintiff faces sworn videotaped questioning, asset disclosure, and continuing pressure on a default that itself rests on a state action whose every premise is contested in this Court. The equities are not close.

## D. Public interest.

The public interest is served by enforcement of the First Amendment and the supremacy of federal law in protecting access to federal courts. *Mitchum*, 407 U.S. at 242–43. The public interest is not served by allowing a state-court discovery process to be used to retaliate against a federal civil-rights plaintiff while the federal claims are sub judice.

## VII. ABSTENTION DOCTRINES DO NOT BAR THIS RELIEF

**Younger** does not apply. The state action is a civil retaliatory filing pursued in bad faith. *Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965); *Younger v. Harris*, 401 U.S. 37, 53 (1971) (bad-faith and harassment exceptions). The Takaichi probable-cause finding, the Day-14 filing, the rejected ex partes, the openly stated "find all your money" purpose at the courthouse, the documented attorney misconduct, and the subpoena's on-its-face demand for the appeal record all establish bad faith.

**Rooker-Feldman** does not apply. Plaintiff does not seek to vacate any state judgment. Plaintiff seeks prospective relief enjoining future conduct — a future deposition, future enforcement steps. *Miroth v. County of Trinity*, 136 F.4th 1141, 1148–49 (9th Cir. 2025); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

**The Anti-Injunction Act** does not apply. Section 1983 is the express exception. *Mitchum*, 407 U.S. at 242–43.

## VIII. EX PARTE RELIEF IS NECESSARY

Rule 65(b) authorizes a TRO without notice on a clear showing that immediate and irreparable injury will result before the adverse party can be heard. The May 11 deposition is twelve days away. Mr. Martinez was personally served with the prior TRO motion on April 21, 2026 and has not respected federal pendency. He instead chose to depose Plaintiff in an action whose every premise this Court is being asked to enjoin. Notice of this supplemental motion is being given concurrently to Mr. Martinez by United States Marshals Service personal service.

## IX. CONCLUSION

The May 11 deposition cannot serve a legitimate purpose. It cannot prove an element Mr. Martinez has already lost. It cannot revive a custody appeal Mr. Martinez defaulted on. It cannot establish damages premised on parental rights this same Mr. Martinez was told do not get terminated. It can only do what Mr. Martinez told the witness it would do: find Plaintiff's money.

The Santa Clara trial court has already found that Plaintiff proved Penal Code § 11172 absolute statutory immunity. Judge Takaichi has already found probable cause. Judge Hansen has already preserved Plaintiff's parental rights, and Mr. Martinez's appeal of that ruling was dismissed for failure to prosecute. The defamation appeal in H053207 is alive and pending. Mr. Martinez has lost — or is barred from relitigating — every required element of the malicious prosecution case he filed. Nothing can be gotten from the May 11 deposition other than the harassment of Plaintiff for money he does not owe in a case that cannot lawfully proceed.

Plaintiff respectfully requests that this Court enter the proposed Temporary Restraining Order concurrently submitted, set the matter for Preliminary Injunction hearing, and refer Mr. Martinez to the State Bar of California for further investigation of the conduct documented herein.

Dated: 04-29-2026

Respectfully submitted,

*Mark Esquibel*

Mark Esquibel
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **MARK ESQUIBEL,**<br>Plaintiff,<br><br>v.<br><br>MARIE RIOS, et al.,<br>Defendants. | **Case No. 5:26-cv-02755-NW**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Fed. R. Civ. P. 65(b)] |

Plaintiff Mark Esquibel's Supplemental Ex Parte Motion for Temporary Restraining Order came before this Court. Having considered the moving papers, the supporting Declaration, the Request for Judicial Notice, and the record in this action, and good cause appearing, the Court FINDS:

1.   Plaintiff has shown a likelihood of success on the merits of his First Amendment retaliation claim under 42 U.S.C. § 1983;

2. Plaintiff has shown that immediate and irreparable injury will result before the adverse parties can be heard if the May 11, 2026 deposition proceeds and downstream enforcement steps in Santa Cruz Superior Court Case No. 25CV01051 are not enjoined;

3.   The balance of equities tips in Plaintiff's favor and the public interest favors injunctive relief;

4. Section 1983 is an expressly authorized exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). Younger abstention does not apply because the state action is pursued in bad faith. Rooker-Feldman does not apply because Plaintiff seeks prospective relief enjoining future conduct, not vacatur of any state judgment.

IT IS HEREBY ORDERED:

A.     Defendants Marie Rios and Carlos Martinez, and any agents acting in concert with them, are TEMPORARILY RESTRAINED from conducting the May 11, 2026 deposition of Plaintiff Mark Esquibel scheduled at 1015 Jefferson Street, Santa Clara, California, pursuant to SUBP-020 issued April 14, 2026 in Santa Cruz Superior Court Case No. 25CV01051;

B.     Defendants are TEMPORARILY RESTRAINED from filing any Request for Court Judgment by Default (Form CIV-100), or noticing or conducting any prove-up proceeding, in Santa Cruz Superior Court Case No. 25CV01051;

C.    Defendants are TEMPORARILY RESTRAINED from taking any further enforcement steps on the November 5, 2025 discovery sanctions order entered in Santa Cruz Superior Court Case No. 18FL00642;

D.     Defendants are TEMPORARILY RESTRAINED from issuing any further deposition subpoena, document subpoena, or other discovery instrument to Plaintiff in Santa Cruz Superior Court Case No. 25CV01051;

E.     This Temporary Restraining Order shall remain in effect until _____, 2026, or until further order of this Court;

F.    Defendants are ORDERED TO SHOW CAUSE before this Court on _____, 2026, at _____ __.m. in Courtroom _____, why a Preliminary Injunction should not issue containing the same restraints set forth above pending final adjudication of Plaintiff's claims;

G.     Plaintiff's opposition papers, if any, in response to any opposition filed by Defendants shall be served and filed by _____, 2026;

H. Bond under Federal Rule of Civil Procedure 65(c) is WAIVED in light of Plaintiff's pro per status, demonstrated indigency, and the public-interest character of the relief sought;

I. Plaintiff shall serve a copy of this Order on Defendants by United States Marshals Service personal service pursuant to Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c) within three (3) court days of entry, and shall file proof of service thereafter.

J. The conduct of attorney Carlos Martinez (SBN 248358) in connection with the issuance and service of the SUBP-020 deposition subpoena and the related state-court filings is hereby REFERRED to the State Bar of California for further investigation. The Clerk shall transmit a copy of this Order to the Office of the Chief Trial Counsel of the State Bar of California.

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

**EXHIBITS**

**Note on Exhibits.** Plaintiff is filing these papers in pro per and is making every reasonable effort to locate and attach file-stamped copies of the exhibits identified below before filing. Several of the documents listed are voluminous, are records of other courts not in Plaintiff's direct possession, or are otherwise difficult for a pro per litigant to retrieve in the time available. The substantive content of each is summarized in the body of this Motion or in the description below.

All of the documents listed are public records of the courts and agencies identified, are accessible through those courts' and agencies' own records, and will be supplemented to this filing on the Court's request.

A. SUBP-020 Deposition Subpoena, issued April 14, 2026 in Santa Cruz Superior Court Case No. 25CV01051, including Attachment 3 (production demand) and Proof of Service. [PLACEHOLDER — attach file-stamped copy.]

B. Minute Order, Santa Cruz Superior Court Case No. 18FL00642, dated April 14, 2026 (Hon. Katherine Hansen). [PLACEHOLDER — attach file-stamped copy.]

C. Order denying anti-SLAPP motion, Santa Clara Superior Court Case No. 20CV369516, dated June 15, 2021 (Hon. Theodore Takaichi). The order expressly found that Plaintiff had probable cause to bring the underlying defamation action against Ms. Rios.

D. Sixth District Court of Appeal docket entry, Case No. H053207 (*Esquibel v. Rios*), reflecting reinstatement on August 12, 2025 and pending status. [PLACEHOLDER — attach docket printout.]

E. Sixth District Court of Appeal docket entry and order of dismissal in Case No. H054010 (*Rios v. Esquibel*), dismissed for failure to prosecute on March 23, 2026.

F. California Supreme Court orders denying petitions for review, S294529 and S294534. [PLACEHOLDER — attach orders.]

G. Assignment Order entered in Santa Clara Superior Court Case No. 19CV358986 on July 29, 2024, imposing a $536,000 obligation on Carlos Martinez accruing 10% compounding interest.

H. State Bar of California public licensing and discipline records for Carlos Martinez (SBN 248358), reflecting (i) public reproval in Case 17-O-05632 dated April 30, 2019; (ii)

probation order in Case 20-H-30311 dated March 31, 2021; (iii) inactive-status order dated March 18, 2024 and actual suspension November 6–12, 2024 in Case 20-O-30885; and (iv) disciplinary charges filed in Case 22-O-30103 on February 25, 2022.

I. Declaration of Mark Esquibel in support of Supplemental TRO Motion, executed under 28 U.S.C. § 1746.

J. Supplemental Declaration of [Mother's name] (witness to April 14, 2026 courthouse encounter).

## CERTIFICATE OF SERVICE

I, Mark Esquibel, am the Plaintiff in pro per in the above-captioned action. My mailing address is 4768 Soquel Drive, #12, Soquel, CA 95073.

On 04-30-2026, I caused to be served a true and correct copy of the foregoing Plaintiff's Supplemental Ex Parte Motion for TRO and OSC re Preliminary Injunction, together with all supporting papers, on the parties listed below by United States Marshals Service personal service pursuant to Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c). Marshals Service is requested in light of opposing counsel's documented pattern of irregular conduct in connection with service of process in this matter.

Carlos Martinez, Esq. (SBN 248358) (aka CMartin)

Bay Area Law

1015 Jefferson Street

Santa Clara, CA 95050

*Counsel for Defendant Marie Rios*

Marie Rios (aka Marie Rivers)

21210 E. Arrow Hwy, Trailer 130

Covina, CA 91724

*Defendant*

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 04-29-2026 at Soquel, California.

_Mark Esquibel_

Mark Esquibel, Plaintiff in Pro Per

# Exhibit A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carlos Martinez SBN248358<br>Bay Area Law<br>1015 Jefferson Street, Santa Clara CA 95050<br><br>TELEPHONE NO.: 408 286 3070   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional).* cmartin@bayarealaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Marie Rios | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS: 701 Ocean Street
CITY AND ZIP CODE: Santa Cruz 95060
BRANCH NAME: Santa Cruz Courthouse

PLAINTIFF/ PETITIONER: MARIE RIOS
DEFENDANT/ RESPONDENT: DONALD SCHWARTZ, MARK ESQUIBEL

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER.<br>25CV01051 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
MARK ESQUIBEL 4168 SOQUEL DRIVE P.O. BOX 12, SOQUEL, CA 95073 (831) 431-3360

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

| Date: May 11, 2026    Time: 10:00 a.m.    Address: 1015 Jefferson Street, Santa Clara CA 95050 |
|---|

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. ☒ You are ordered to produce the documents and things described in item 3.

   c. ☒ This deposition will be recorded stenographically ☐ through the instant visual display of testimony and by ☒ audiotape ☒ videotape.

   d. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
SEE ATTACHMENT
   ☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition: later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: April 14, 2026

Carlos Martinez
   (TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)
Attorney for Marie Rios
   (TITLE)

*(Proof of service on reverse)*

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510,
2025.220, 2025.230, 2025.250, 2025.620
Government Code § 68097.1

| PLAINTIFF/PETITIONER: MARIE RIOS | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: DONALD SCHWARTZ, MARK ESQUIBEL | 25CV01051 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*: MARK ESQUIBEL

   b. Address where served:
   1 SECOND STREET, WATSONVILLE, AT WATSONVILLE COURTHOUSE, DEPARTMENT C

   c. Date of delivery: APRIL 14, 2026

   d. Time of delivery: ~ 8:30 AM

   e. Witness fees and mileage both ways *(check one)*:

   (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

   (2) ☒ were not paid.

   (3) ☐ were tendered to the witness's
   public entity employer as
   required by Government Code
   section 68097.2. The amount
   tendered was *(specify)*: . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . . . $ _____0.00_____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☒ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:
   Carlos Martinez SBN248358 Bay Area Law 1015 Jefferson Street, Santa Clara CA 95050

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 14, 2026

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

# Exhibit B

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ | *For Court Use Only* |
|---|---|
| | **FILED**<br>Superior Court of California<br>County of Santa Cruz<br>4/15/2026<br>Clerk of the Court by Deputy,<br>David Pedraza |
| Mark Esquibel<br>vs<br>Marie Rios | |
| | Case Number:18FL00642 |
| **Certificate of Mailing** | |

I Clerk of the Superior Court of the State of California, County of Santa Cruz, and not a party to this action, hereby certify on the date listed below, I served copies of the minute order dated 04/14/2026 by depositing them in sealed envelopes, with the postage thereon fully paid, in the United States Post Office addressed as follows:

Mark Eric Esquibel
8494 W. Lone Mtn. Rd. No. 132
Las Vegas, Nv 89130

Mark Eric Esquibel
4768 Soquel Drive #12
Soquel, CA 95073

Date: 4/15/2026

Clerk of the Court

By:_____
David Pedraza, Deputy Clerk



# Superior Court of California, County of Santa Cruz
# MINUTE ORDER

| Mark Esquibel<br>vs<br>Marie Rios | **Case No.: 18FL00642**<br>OSC Motion Hearing - Request to Renew DVRO<br>OSC Motion Hearing - ExParte Order Permitting<br>Alternate Method of Service (Denied) |
|---|---|

04/14/2026 8:30 AM - 12:00 PM  
Heard By: Hansen, Katherine A  
Courtroom Reporter: No Reporter

Location: Watsonville Department C  
Courtroom Clerk: David Pedraza  
Court Interpreter:

### Parties Present:

| | |
|---|---|
| Esquibel, Mark Eric | Petitioner |
| Martinez, Carlos | Respondent's Counsel |
| Rios, Marie Teresa | Respondent |

- The Petitioner and the Respondent are appearing remotely via Zoom.
Both parties are sworn and examined.
Counsel/parties address the issues now before the Court.

The Court advises the parties that by law, none of these hearings may be recorded.

Mr. Martinez states that the Court ordered the Petitioner to be personally present for this hearing.

The Court inquires as to whether the Petitioner is near the courthouse.

The Petitioner states that he is currently in Georgia.

The Court inquires as to when the Petitioner will be back in California. The Petitioner informs the Court he will be back next week.

The Court states that the Petitioner needs to be personally present pursuant to the ex parte order.

The Court states it is inclined to continue the matter to next week to when the Petitioner indicates he will be back in California.

Discussion is held regarding continuing both matters.

The Petitioner provides a verbal statement.

The Court makes the following findings and orders:

Both matters are continued to 4/21/26 at 8:30 AM in Dept. C on the Courts own motion.

All parties except the Respondent are ordered to be personally present on said date. The Respondent may



## Superior Court of California, County of Santa Cruz
## MINUTE ORDER

appear remotely via Zoom.

Mr. Martinez shall file a declaration of due diligence as to his request for alternate service by 4/17/26.

**Later off the record outside the presence of the parties the Court makes the following orders:**
Restraining order shall remain in effect pending the next hearing date.

Mr. Martinez is directed to prepare the Order to Reschedule Hearing to Renew Restraining Order and submit it to the Court.

The clerk is directed to send a copy of this minute order to the Petitioner and Mr. Martinez.

- Remote Appearance by Parties
- Certificate of Mailing

**Future Hearings:**
April 21, 2026 8:30 AM OSC Motion Hearing - Request to Renew DVRO
Hansen, Katherine A
Watsonville Department C

April 21, 2026 8:30 AM OSC Motion Hearing - ExParte Order Permitting Alternate Method of Service (Denied)
Hansen, Katherine A
Watsonville Department C

June 03, 2026 8:30 AM OSC Motion Hearing - Other: Ex Parte Order fo an Order to Show Cause ( Denied Exparte)
Hansen, Katherine A
Watsonville Department C

To appear remotely at your hearing visit our court website
https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom

David Pedraza

APRIL 14th 2026 @ 9:00AM — READ INTO COURT RECORD!

"Your Honor, I am currently out of state and unable to appear in person. I was never served with the renewal petition or notice of this hearing. I have appeared remotely under special appearance only to protect my rights and to be respectful of this Court's time.

There is no lawful basis to compel my physical presence at a civil hearing for which I was never properly served. This is a DVRO renewal proceeding, not a criminal matter. No order compelling my personal appearance has ever been served on me.

I want the record to reflect that I am cooperating with this Court by appearing remotely, that I have filed a comprehensive written opposition on March 24, 2026, and that I have a pending federal civil rights action, Case No. 5:26-cv-02755-SVK, in the Northern District of California. My England-Jennings reservation is on record.

If this Court intends to issue any order requiring my physical appearance, I respectfully request that such order be issued in writing, properly served, and that I be given adequate time to comply or seek review. I will not waive any rights by my appearance here today.

I am not refusing to cooperate with this Court.

I am asserting my constitutional right to due process — the same right that has been violated throughout these proceedings."



# Superior Court of California, County of Santa Cruz
# MINUTE ORDER

| Mark Esquibel<br>vs<br>Marie Rios | **Case No.: 18FL00642**<br>OSC Motion Hearing - ExParte Order Permitting<br>Alternate Method of Service (Denied)<br>OSC Motion Hearing – Request to Renew DVRO |
|---|---|

04/21/2026 8:30 AM - 12:00 PM
Heard By:    Hansen, Katherine A
Courtroom Reporter:    No Reporter

Location:    Watsonville Department C
Courtroom Clerk:    David Pedraza
Court Interpreter:

## Parties Present:

| | |
|---|---|
| Esquibel, Mark Eric | Petitioner |
| Martinez, Carlos | Respondent's Counsel |
| Rios, Marie Teresa | Respondent |

- Counsel/parties address the issues now before the Court.

The Petitioner states they are here by special appearance.

The Court has read and considered everything filed by both parties as to the issue.

Mr. Martinez advises the Court that the ex parte matter is moot based on the Petitioner now being personally served and due to the Petitioner's general appearance by filing a response.

The Court notes the Petitioner filed a request for a continuance until the federal case is ruled on.

Mr. Martinez states that the case has been ruled on as moot based on no filing fee being paid.

The Court makes the following findings and orders:

The Court finds that the ex parte matter is no longer at issue and is taken off calendar.
The ex parte orders are dissolved.

The Court grants the written request made by the Petitioner to continue the restraining order matter.
The matter shall be heard at 10:00 AM on 6/3/26 in Dept. C concurrently with the matter already set on 6/3/26.
Restraining order shall remain in effect pending the next hearing date.

The parties may appear remotely via Zoom on said date.

Both parties shall serve and file an update as to the status of the federal court ruling by 5/27/26.

Any additional filings by either party shall be served and filed by 5/27/26.



# Superior Court of California, County of Santa Cruz
# MINUTE ORDER

Mr. Martinez is directed to prepare the reissuance and findings and order after hearing and submit it to the Court.

**Future Hearings:**
June 03, 2026 10:00 AM OSC Motion Hearing
Hansen, Katherine A
Watsonville Department C

June 03, 2026 10:00 AM OSC Motion Hearing
Hansen, Katherine A
Watsonville Department C

To appear remotely at your hearing visit our court website
https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom

David Pedraza

# Exhibit D

Mark Esquibel
4768 Soquel Drive #12
Soquel, CA 95073
Pro Se



FILED
APR 0 2 2026
BY M. JOHNSON

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA
Appeals Division

MARK ESQUIBEL,
     Plaintiff and Appellant,

v.

MARIE RIOS,
     Defendant and Respondent.

Superior Court Case No. 20CV369516
Court of Appeal Case No. H053207

### AMENDED NOTICE DESIGNATING RECORD ON APPEAL
*[Filed in Response to Appellant's Default Notice Dated March 23, 2026]*
*[Cal. Rules of Court, Rules 8.122, 8.130, 8.137]*

**EXECUTIVE SUMMARY**

This is the **third time** Appellant has been defaulted in this appeal. Each default has arisen from the same cause: the trial court possesses electronic recordings of the proceedings below, Appellant has an approved fee waiver that covers the cost of transcribing them at zero cost, and the trial court has repeatedly committed to producing them — and then has not done so. The timeline speaks for itself:

**First Cycle (May–August 2025):** Default notice issued May 9, 2025. Appellant contacted the clerk's office and was told his fee waiver covered the electronic recording transcripts. The clerk did not produce them. A second default notice issued June 9, 2025. The appeal was dismissed July 21, 2025. The Court of Appeal reinstated the appeal on August 12, 2025, but deferred ruling on Appellant's request to order the trial court to produce the transcripts.

**Second Cycle (January–February 2026):** On January 29, 2026, Appellant spoke directly with the clerk's office about the transcript issue. The clerk confirmed there was a note in the file and told Appellant the matter would be resolved by Monday, February 2, 2026.

Appellant relied on this representation. Instead of resolving the issue, the court dismissed the appeal three days later on February 5, 2026. The Court of Appeal reinstated the appeal again on February 23, 2026.

**Third Cycle (March 2026 — Current):** The trial court rescinded the prior defaults and, on March 2, 2026, sent a Notice to Court Reporter to begin transcribing the electronic recordings — the first concrete step toward producing these transcripts in nearly a year. Three weeks later, on March 23, 2026, the trial court issued this third default notice, citing technical deficiencies in Appellant's designation while the very transcription process the court initiated on March 2 remains pending.

The electronic recordings exist. They have always existed. Appellant's fee waiver covers them at zero cost. The trial court has now begun transcribing them. This amended designation corrects the technical deficiencies identified in the default notice. Appellant respectfully requests that no further defaults be entered while the trial court completes the transcription process it initiated on March 2, 2026.

Appellant notes that the pattern of systematic denial of access to appellate review documented in this appeal is now among the claims raised in a federal civil rights action filed on or about April 1, 2026. (*Esquibel v. Rios et al.,* N.D. Cal., Case No. 26-cv-02755-SVK.)

## I. INTRODUCTION

Appellant Mark Esquibel, in pro per, respectfully files this Amended Notice Designating Record on Appeal in response to the Appellant's Default Notice dated March 23, 2026, and the accompanying Clerk's Certificate of the same date. This amended designation corrects and clarifies the prior designation filed May 29, 2025, by: (1) properly identifying hearing dates for the reporter's transcript designation under California Rules of Court, rule 8.130; (2) properly identifying documents by title and filing date for the clerk's transcript designation under rule 8.122; and (3) designating a settled statement under rule 8.137 for proceedings that were neither electronically recorded nor reported by a court reporter.

## II. DESIGNATION OF CLERK'S TRANSCRIPT (CRC 8.122)

Appellant designates a clerk's transcript as the record of documents filed in the superior court. The following documents are identified by title and filing date, as required by California Rules of Court, rule 8.122:

### A. Required Documents (Rule 8.122(b))

| Document Title | Filing Date | Status |
|---|---|---|
| Notice of Appeal - Court of Appeal | 04/21/2025 | Required |
| Designation: Appellant (Original) | 05/29/2025 | Required |
| Judgment | 03/21/2025 | Required |
| Register of Actions | Current | Required |

## B. Additional Documents (Rule 8.122(b)(4))

Appellant requests that the following additional documents be included in the clerk's transcript:

| Document Title | Filing Date | Dept. |
|---|---|---|
| Supplemental Statement of Decision and Ruling on Defendant's Motion for Judgment | 03/21/2025 | D21 |
| Order (Extending Time to Issue Statement of Decision) | 02/28/2025 | D21 |
| Brief: Trial - Defendant's Further Brief re Qualified Immunity Pursuant to Penal Code 11172(a) | 02/28/2025 | D21 |
| Brief: Reply - Plaintiff's Trial Brief on Penal Code 11172 | 12/12/2024 | D21 |
| Minute Order - Trial Day 12 (12/12/2024) | 12/12/2024 | D21 |
| Brief - Plaintiff's Memorandum of Points & Authorities re: Seneca Records | 12/11/2024 | D21 |
| Minute Order - Trial Day 11 (12/11/2024) | 12/11/2024 | D21 |
| Exhibit List (Party) - Plaintiff (Amended) | 05/20/2025 | D21 |
| Exhibit List (Party) - Defendant | 05/20/2025 | D21 |
| Order: Disposition of Exhibits | 03/26/2025 | D21 |
| Appeal: Clerk's Notice of Appeal | 04/22/2025 | — |
| Appeal: Clerk's Certificate of Compliance | 06/02/2025 | — |
| Appeal: Clerk's Certificate (March 23, 2026) | 03/23/2026 | — |

[NOTE TO MARK: The Register of Actions contains 175 entries. Only the most recent 25 are listed above. Review the full ROA and add any additional documents you want included in the clerk's transcript — particularly any motions in limine, pretrial orders, discovery rulings, or trial exhibits that are relevant to the issues on appeal. Each document must be identified by its exact title and filing

## III. DESIGNATION OF REPORTER'S TRANSCRIPT — ELECTRONIC RECORDINGS (CRC 8.130 / CRC 8.835)

Appellant designates the following proceedings for inclusion in the reporter's transcript. These proceedings were **electronically recorded** by the court and are covered by Appellant's approved fee waiver (FW-003, granted August 26, 2024) at **zero cost** to Appellant under California Rules of Court, rule 8.835, and Government Code section 68630 et seq.

The trial court's Clerk's Certificate dated March 23, 2026 confirms that a Notice to Court Reporter was sent on March 2, 2026, to begin transcribing these electronic recordings. Appellant requests that the trial court complete this transcription and transmit the transcripts to the Court of Appeal forthwith.

**Format: Electronic format (CCP § 271).**

| Date | Dept. | Description | Time | Recording |
|------|-------|-------------|------|-----------|
| 09/18/2024 | D21 | Court Trial: Long Cause (Ongoing) | 10:00AM & 1:30PM | Electronic |
| 11/13/2024 | D21 | Motion: Withdraw as Attorney | 10:00AM & 1:30PM | Electronic |
| 11/14/2024 | D21 | Court Trial: Long Cause (Ongoing) | 1:30PM | Electronic |
| 12/11/2024 | D21 | Court Trial: Long Cause (Ongoing) — Day 11 | 1:30PM | Electronic |
| 12/12/2024 | D21 | Court Trial: Long Cause (Ongoing) — Day 12 (1:30PM–2:53PM only) | 1:30PM | Electronic |

Appellant does **not** designate any documents for transcription. The 23 items previously listed under the reporter's transcript designation in the original May 29, 2025 designation were documents, not hearing dates, and are hereby removed from this section. Those documents are properly designated in the clerk's transcript (Section II above).

## IV. DESIGNATION OF SETTLED STATEMENT (CRC 8.137)

For the following hearing dates, Appellant elects to proceed by settled statement under California Rules of Court, rule 8.137. These proceedings were either: (a) reported by a court reporter whose transcript requires deposits totaling $3,250 that Appellant cannot afford as a fee-waived, indigent litigant; or (b) neither reported nor electronically recorded.

Under *Jameson v. Desta* (2018) 5 Cal.5th 594, 599, courts must adopt reasonably feasible alternatives that provide for the creation of an adequate record on appeal for fee waiver recipients. A settled statement is the recognized alternative. (CRC 8.137(b)(2)(B).)

### A. Dates with Court Reporter — Settled Statement Elected

The Clerk's Certificate identifies the following dates as having been reported by a court reporter, with deposit amounts Appellant cannot pay:

| Date | Dept. | Description | Full/Partial | Deposit | Reporter |
|---|---|---|---|---|---|
| 09/03/2024 | D21 | Court Trial: Ongoing | Full | $650 | Heidi Bloemker |
| 09/05/2024 | D21 | Court Trial: Long Cause | Full | $650 | Jamie Mixco |
| 09/09/2024 | D21 | Court Trial: Long Cause | Partial | $325 | Susan Stevenson |
| 12/10/2024 | D21 | Court Trial: Long Cause | Full | $650 | Monica Comer |
| 12/11/2024 | D21 | Court Trial: Long Cause | Full | $650 | Susan Stevenson |
| 12/12/2024 | D21 | Court Trial: Day 12 (2:54PM–4:55PM) | Partial | $325 | Alicia Plancarte |

Total deposits demanded: $3,250. Appellant has an approved fee waiver and cannot pay this amount. Appellant elects settled statement for these dates pursuant to CRC 8.137(b)(2)(B).

## B. Dates Neither Reported Nor Recorded — Settled Statement Required

The Clerk's Certificate identifies the following dates as having been neither reported by a court reporter nor electronically recorded. Settled statement is the only available method for these dates:

| Date | Dept. | Description | Status |
|---|---|---|---|
| 08/15/2024 | D6 | Trial Assignment | Neither reported nor recorded |
| 08/20/2024 | D21 | Court Trial: Long Cause | Neither reported nor recorded |
| 08/21/2024 | D21 | Court Trial: Long Cause | Neither reported nor recorded |
| 08/23/2024 | D21 | Court Trial: Long Cause | Neither reported nor recorded |
| 10/09/2024 | D21 | Court Trial: Long Cause | Neither reported nor recorded |
| 12/10/2024 | D21 | Court Trial: Long Cause | See Note below |

**Note Regarding December 10, 2024:** The Clerk's Certificate lists this date in both the court reporter table (Monica Comer, Full, $650) and the list of dates neither reported nor recorded. Appellant requests clarification from the clerk. If a court reporter transcript exists for this date, Appellant elects settled statement due to inability to pay. If no recording of any kind exists, settled statement is the only option.

## V. OCTOBER 24, 2024 HEARING

The Register of Actions reflects two hearing sessions scheduled for **October 24, 2024** in Department 21 (9:00AM and 1:30PM, Court Trial: Long Cause (Ongoing)). The Register of Actions indicates the 9:00AM session was **"Not Held."** The 1:30PM session was held. The Clerk's Certificate dated March 23, 2026 does not address the 1:30PM session in any of the three categories (electronic recording, court reporter, or neither reported nor recorded). Accordingly, Appellant designates the October 24, 2024 (1:30PM) session for **settled statement** under CRC 8.137, consistent with the treatment of other hearing dates that were neither reported nor recorded.

## VI. PRE-TRIAL HEARINGS

The Register of Actions reflects additional hearings in Departments 6 and 16 prior to the trial period (February 2023 through March 2024). Appellant does not designate these pre-trial conferences and administrative hearings for inclusion in the record on appeal at this time, as they are not relevant to the issues on appeal. Appellant reserves the right to supplement this designation if circumstances warrant.

## DECLARATION OF MARK ESQUIBEL IN SUPPORT OF AMENDED DESIGNATION OF RECORD ON APPEAL

I, Mark Esquibel, declare as follows:

1. I am the Appellant in this action and represent myself (in pro per). I am over 18 years old and competent to make this declaration. The facts stated herein are true of my own personal knowledge.

2. I file this Amended Designation in response to the Appellant's Default Notice dated March 23, 2026, which identifies deficiencies under California Rules of Court, rules 8.122, 8.130, and 8.137.

3. This is the third Appellant's Default Notice issued in this appeal. The first was issued May 9, 2025. The second was issued June 9, 2025. The appeal was dismissed on July 21, 2025, reinstated by the Court of Appeal on August 12, 2025, dismissed again on February 5, 2026, and reinstated again pursuant to the Court of Appeal's order dated February 23, 2026. Each default and dismissal has arisen from the same underlying issue: the trial court's failure to produce transcripts from electronic recordings that are covered by my fee waiver.

4. I have an approved fee waiver on file (Form FW-003, granted August 26, 2024, Case No. 20CV369516). This fee waiver covers all filing fees and costs, including the cost of preparing transcripts from official electronic recordings under California Rules of Court, rule 8.835, and Government Code section 68630 et seq. There is zero cost to me for electronic recording transcripts.

5. The Clerk's Certificate dated March 23, 2026 confirms that on March 2, 2026, the trial court sent a Notice to Court Reporter to begin transcribing the electronic recordings for the following dates: September 18, 2024; November 13, 2024; November 14, 2024; December 11, 2024; and December 12, 2024 (1:30PM–2:53PM). This process is underway. I am not responsible for any delay in the trial court's completion of this transcription.

6. The Clerk's Certificate also identifies six hearing dates with court reporter transcripts requiring deposits totaling $3,250. I cannot afford this amount. I am indigent. I rely on my fee waiver. For these dates, I elect to proceed by settled statement under California Rules of Court, rule 8.137, as permitted by Jameson v. Desta (2018) 5 Cal.5th 594.

7. Six additional hearing dates were neither reported by a court reporter nor electronically recorded. For these dates, a settled statement is the only available method to create a record of the oral proceedings.

8. My original designation filed May 29, 2025 inadvertently listed 23 documents under the reporter's transcript section. I understand that documents cannot be 'transcribed' and belong in the clerk's transcript designation. This amended designation corrects that error by removing all documents from the reporter's transcript section and properly identifying them in the clerk's transcript section by title and filing date.

9. I have cooperated fully with the court throughout this appeal. I have filed designations, sought ADA accommodations, contacted the clerk's office multiple times, and filed two motions to vacate dismissal — each time explaining the same problem. The trial court possesses the electronic recordings. They exist. Producing transcripts from those recordings at no cost to a fee-waived litigant is required by law. I respectfully request that this amended designation be accepted, that the trial court complete the electronic recording transcriptions already initiated on March 2, 2026, and that no further defaults be entered while that process is pending.

10. As the Court is aware from prior filings, I indicated my intention to seek relief in federal court if my constitutional rights to equal protection and due process continued to be denied. On or about April 1, 2026, I filed a civil rights action under 42 U.S.C. § 1983 in the United States District Court, Northern District of California, San Jose Division, Case No. 26-cv-02755-SVK (Esquibel v. Rios et al.). The systematic denial of access to appellate review documented in this appeal is among the claims raised in that action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __APRIL 3__, 2026, at Soquel, California.


_____
**MARK ESQUIBEL, In Pro Per**
4168 Soquel Drive, #12
Soquel, CA 95073
Plaintiff and Appellant

## PROOF OF SERVICE

I, Mark Esquibel, declare as follows:

I am the Appellant in the above-entitled action. On _____, I caused the following document(s) to be served:

**AMENDED NOTICE DESIGNATING RECORD ON APPEAL**

**DECLARATION OF MARK ESQUIBEL IN SUPPORT**

on the following party:

Christine Fumi Kawamoto / Carlos Martinez, Esq.
Bay Area Law
1015 Jefferson Street
Santa Clara, CA 95050

**[X] BY PERSONAL SERVICE THROUGH THE SANTA CLARA COUNTY SHERIFF'S OFFICE:**

I caused a true and correct copy of the above-referenced document(s) to be delivered to the Santa Clara County Sheriff's Office for personal service upon the above-named party at the address listed above. The Sheriff's Return of Service, when received, will be filed with the Court as confirmation of completed service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, at Soquel, California.


_____

**Mark Esquibel, Appellant In Pro Per**

# Exhibit F

SUPREME COURT
FILED

JAN 28 2026

Jorge Navarrete Clerk

Deputy

Court of Appeal, Sixth Appellate District - No. H053798

S294534

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

MARK ESQUIBEL, Petitioner,

v.

SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;

MARIE RIOS, Real Party in Interest.

The petition for review is denied.

GUERRERO
*Chief Justice*

SUPREME COURT
**FILED**

JAN 28 2026

Jorge Navarrete Clerk

Deputy

Court of Appeal, Sixth Appellate District - No. H053809

S294529

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

MARK ESQUIBEL, Petitioner,

v.

SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;

MARIE RIOS, Real Party in Interest.

---

The petition for review is denied.

---

**GUERRERO**
*Chief Justice*

# Exhibit G

R. Burciaga

EFS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 114802<br>NAME: PAUL A. FRASSETTO<br>FIRM NAME: FRASSETTO LAW OFFICES<br>STREET ADDRESS: 505 MONTGOMERY STREET, 10TH FLOOR<br>CITY: SAN FRANCISCO STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: 415-307-5383 FAX NO.:<br>E-MAIL ADDRESS: paulfrassetto@yahoo.com<br>ATTORNEY FOR (name): Plaintiffs KAUSHIK BANERJEE and ARKESH VENTURES, INC. | *FOR COURT USE ONLY*<br><br>**on 7/22/2024 10:07 AM<br>Reviewed By: R. Burciaga<br>Case #19CV358986<br>Envelope: 16014716** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 NOTH FIRST STREET<br>MAILING ADDRESS: 191 NOTH FIRST STREET<br>CITY AND ZIP CODE: SAN JOSE, CA 954113<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: KAUSHIK BANERJEE | CASE NUMBER:<br>19CV358986 |
| DEFENDANT/RESPONDENT: CARLOS GREGORY MARTINEZ<br>OTHER: | JUDICIAL OFFICER:<br>EVETTE D. PENNYPACKER |
| PROPOSED ORDER (COVER SHEET) | DEPT:<br>6 |

NOTE: This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:
   Plaintiffs KAUSHIK BANERJEE and ARKESH VENTURES, INC.

2. Title of the proposed order:
   ORDER GRANTING MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR

3. The proceeding to which the proposed order relates is:

   a. Description of proceeding: Motion for Assignment Order

   b. Date and time: July 18, 2024 at 9:00 a.m.

   c. Place: Santa Clara County Superior Court, Department 6

4. The proposed order was served on the other parties in the case.

Paul A. Frassetto
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

**PROPOSED ORDER (COVER SHEET)**
(Electronic Filing)

| CASE NAME: | CASE NUMBER: 19CV358986 |
| --- | --- |

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1.  I am at least 18 years old and **not a party to this action.**

    a.  My residence or business address is *(specify):*
        505 Montgomery Street, 10th Floor, San Francisco, CA 94111

    b.  My electronic service address is *(specify):* paulfrassetto@yahoo.com

2.  I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

    a.  On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
        Carlos Gregory Martinez

    b.  To *(electronic service address of person served):* cmartin@bayarealaw.com

    c.  On *(date):* July 22, 2024

    ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 22, 2024

| Paul A. Frassetto | |
| --- | --- |
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

PAUL A. FRASSETTO (SBN 114802)
FRASSETTO LAW OFFICES
505 Montgomery Street, 10th Floor
San Francisco, CA 94111
Tel. (415) 307-5383
Email: paulfrassetto@yahoo.com

Attorney for Plaintiffs
KAUSHIK BANERJEE and
ARKESH VENTURES, INC.

Filed
July 29, 2024
Clerk of the Court
Superior Court of CA
County of Santa Clara
19CV358986
By: vwong

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| KAUSHIK BANERJEE; ARKESH VENTURES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CARLOS GREGORY MARTINEZ, et al., <br><br> Defendants. | Case No. 19CV358986 <br><br> [Proposed] ORDER GRANTING MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR <br><br> Date: July 18, 2024 <br> Time: 9:00 a.m. <br> Dept.: 6 |

The motion of Plaintiffs/Judgment Creditors KAUSHIK BANERJEE and ARKESH VENTURES, INC. came on regularly for hearing on July 18, 2024 in Department 6 of the above-entitled Court, the Honorable Evette D. Pennypacker, Judge presiding. The Court, having considered the papers filed in support of and in opposition to the motion, and good cause appearing therefor:

IT IS HEREBY ORDERED:

1. That the following rights to payment of Judgment Debtor CARLOS GREGORY MARTINEZ be, and hereby are, assigned to Judgment Creditors KAUSHIK BANERJEE and ARKESH VENTURES, INC. until such time as the Judgment herein is fully satisfied or this order is amended: any and all amounts owed by Robert Bassi to Judgment Debtor CARLOS GREGORY MARTINEZ; and

[Proposed] ORDER GRANTING MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR

- 1 -

2. That Robert Bassi pay any and all amounts owed to Judgment Debtor CARLOS GREGORY MARTINEZ to Judgment Creditors' attorney, Paul A. Frassetto, Esq. to be applied to the Judgment herein until such Judgment is fully satisfied or this order is amended.

IT IS FURTHER HEREBY ORDERED that the Judgment Debtor CARLOS GREGORY MARTINEZ is retrained from encumbering, assigning, disposing, secreting, transferring or spending any of the attorney's fees or other funds owed by Robert Bassi.

NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR CO COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTOR TO BEING HELD IN CONTEMPT OF COURT.

Dated: _____July 29, 2024_____

_____
Evette D. Pennypacker
Judge of the Superior Court

[Proposed] ORDER GRANTING MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR

- 2 -