UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ESQUIBEL,

Plaintiff,

v.

MARIE RIOS, et al.,

Defendants.

Case No. 26-cv-02755-NW

**ORDER DENYING MOTION FOR TRO**

Re: ECF No. 16

Plaintiff Mark Esquibel, proceeding *pro se*, filed the instant motion for a temporary restraining order on April 30, 2026. Specifically, Plaintiff requests that the Court enjoin Defendants from enforcing a deposition subpoena issued by the Santa Cruz Superior Court and, more broadly, from taking any further action in Superior Court Case No. 25CV01051 or Case No. 18FL00642.

Plaintiff's motion is barred by the *Younger* abstention doctrine. Articulated for the first time in *Younger v. Harris*, 401 U.S. 37, 45 (1971), the doctrine counsels federal courts to refrain from "granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," including the discovery proceedings at issue here. *Root v. Schenk*, 953 F. Supp. 1115, 1120 (C.D. Cal. 1997). Though *Younger* abstention originated in the context of parallel state criminal prosecutions, the Supreme Court has expanded its reach to state civil actions. *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1224–25 (9th Cir. 2023). *Younger* abstention is only "appropriate when '(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" *Id.* (citing *Bean v. Matteucci*, 986 F.3d 1128,

1133 (9th Cir. 2021)).  If the above four factors are met, the Court must then "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies."  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

The Court finds that *Younger* abstention prevents the Court from granting this motion.. First, it is clear that state proceedings are ongoing given Plaintiff's request to enjoin portions of those actions.  Second, a state court has important interests "in enforcing its own orders on discovery, sanctions, and the like . . . which further the regular management over its own proceedings, an important state interest."  *Beck v. Super. Ct. of Cal., Cnty. of Orange*, No. 23-cv-0882-AGS-DDL, 2023 WL 5964753, at *2 (S.D. Cal. Sept. 13, 2023) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987)).  Third, the state proceedings afford Plaintiff adequate opportunity to raise the issues in this lawsuit, either through direct appeal or collateral state proceedings (*e.g.*, filing a motion for a protective order in the underlying state court action).  And fourth, the practical effect of granting relief in this action would require this Court to actively monitor and interfere with an ongoing state court proceeding.  Accordingly, the *Younger* abstention principle compels the Court to abstain from considering any issues arising out of the underlying state proceedings. *See, e.g., Beck*, 2023 WL 5964753, at *3 (defendant's ADA claims were "merely [a] *Younger*-style attack on the validity of the state court's pretrial orders, masquerading as an ADA lawsuit.").

In his motion, Plaintiff insists that his request falls into the "bad faith" exception to *Younger* abstention.  The Court disagrees.  That narrow exception requires a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  Crucially, the exception applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction[.]" *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Juidice v. Vail*, 430 U.S. 327, 338 (1977) (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass.").  In the *Younger* abstention context, bad faith

"generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975). The exception, to the extent it ever applies, requires an underlying criminal prosecution, something that Plaintiff has not alleged.

In light of the above, the Court finds the *Younger* abstention doctrine to be applicable to the instant motion and DENIES it accordingly.

**IT IS SO ORDERED.**

Dated: May 5, 2026

Noël Wise
United States District Judge