Mark Esquibel
4768 Soquel Drive #12
Soquel, CA 95073
Plaintiff in Pro Per

**FILED**

MAY 06 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MARK ESQUIBEL, | ) Case No. 5:26-cv-02755-NW |
| | ) |
| Plaintiff, | ) PLAINTIFF'S SUPPLEMENTAL |
| | ) COMPLAINT UNDER FRCP 15(d) |
| v. | ) ADDING DEFENDANT CARLOS |
| | ) MARTINEZ AS A STATE ACTOR |
| MARIE RIOS; CARLOS MARTINEZ; | ) UNDER 42 U.S.C. § 1983 AND |
| COUNTY OF SANTA CRUZ; HON. | ) DENNIS v. SPARKS, 449 U.S. 24 |
| KATHERINE HANSEN (in her official | ) (1980) |
| capacity); and DOES 1–10, | ) |
| | ) DEMAND FOR JURY TRIAL |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S SUPPLEMENTAL COMPLAINT UNDER FRCP 15(d)
## ADDING DEFENDANT CARLOS MARTINEZ AS A STATE ACTOR

### EXECUTIVE SUMMARY

This Supplemental Complaint adds attorney Carlos Martinez (CA SBN 248358) as a defendant under 42 U.S.C. § 1983. The reason is straightforward: Mr. Martinez is prosecuting a state-court action against Plaintiff that he cannot win as a matter of law, and the documentary record establishes why he is doing so anyway.

**Mr. Martinez Cannot Win the State-Court Case.**

The state-court action — Santa Cruz County Superior Court Case No. 25CV01051 — is a malicious prosecution claim. It fails for two independent reasons, each dispositive:

First, prematurity. A malicious prosecution claim cannot ripen until the underlying action has reached final favorable termination. Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 871; Roberts v. McAfee, Inc. (2011) 198 Cal.App.4th 1136, 1147; Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal.4th 728, 741. The underlying action is Esquibel v. Rios, Santa Clara County Superior Court Case No. 20CV369516, which is currently on appeal in the Sixth District Court of Appeal as Case No. H053207. The appeal is pending. Mr. Martinez filed the malicious prosecution action on Day 14 of the 60-day appeal window. The case cannot satisfy the favorable-termination element while H053207 is pending.

Second, collateral estoppel. On June 15, 2021, Judge Takaichi specifically ruled in 20CV369516 that Plaintiff had probable cause for his defamation claim. Lucido v. Superior Court (1990) 51 Cal.3d 335, 341–42, bars relitigation of element 2 of malicious prosecution where probable cause has been adjudicated. The Takaichi ruling forecloses element 2 as a matter of law.

Either bar alone is dispositive. Together, they establish the "objectively baseless" prong of the sham-litigation test under Professional Real Estate Investors v. Columbia Pictures Industries, Inc., 508 U.S. 49, 60–61 (1993), as a matter of law. No reasonable litigant could realistically expect success on the merits.

**Why Mr. Martinez Is Pursuing This Case Anyway.**

The judicially-noticeable record establishes the answer:

- **The $536,000 assignment order.** On July 29, 2024, an assignment order issued against Mr. Martinez personally in Santa Cruz County Superior Court Case No. 19CV358986 in the amount of $536,000, accruing 10% compounding interest. The order prohibits him from collecting fees outside the assignment framework. Mr. Martinez seeks $1,150,000 in damages from Plaintiff in the legally premature malicious prosecution action.

- **State Bar disciplinary record.** Seven prior State Bar complaints. Two mental health diversions. Judicially-noticeable under California Evidence Code § 452(c).

- **Documented pre-filing and post-filing threats.** Pre-filing communications from Mr. Martinez to Plaintiff and to attorney Donald Schwartz, predating the March 21, 2025 judgment in 20CV369516, establish premeditated retaliatory intent. On April 21, 2026, Mr. Martinez personally addressed Plaintiff at the Santa Cruz County Superior Court with statements including "find your money," in a manner perceived as threatening by Plaintiff and a percipient witness. Mr. Martinez separately communicated to Mr. Schwartz the substance of "I know who you owe money to and I am going to give them a call," in connection with Mr. Schwartz's role in 20CV369516.

- **Pattern of forum-shopping and procedural irregularity.** The original April 2021 Domestic Violence Restraining Order (Case No. 18FL00642) was forum-shopped from Orange County to Santa Cruz County. Service on Plaintiff has been consistently directed to an incorrect post-office box.

- **Pursuit of the May 11, 2026 deposition.** Mr. Martinez personally served Plaintiff with Deposition Subpoena SUBP-020 on April 21, 2026, at the Santa Cruz County Superior Court. Plaintiff's Motion to Quash, filed several weeks before the deposition, has not been adjudicated on the merits. Mr. Martinez continues to pursue the deposition in a case that fails the prematurity test as a matter of law.

- **Family-court rejection of parental-rights termination, followed by Mr. Martinez's default on his own appeal.** In 2025, Hon. Katherine Hansen of the Santa Cruz County Superior Court declined to terminate Plaintiff's parental rights to his daughter. Mr. Martinez appealed that ruling to the Sixth District Court of Appeal as Case No. H054010. The Sixth District issued an Appellant Default Notice on February 2, 2026, and dismissed Case No. H054010 for failure to prosecute on March 23, 2026. Notwithstanding the loss at trial and the default on appeal, Mr. Martinez continues to prosecute Case No. 25CV01051 for $1,150,000 in damages — in a parallel forum, after the family-court remedy his client actually sought has been rejected and his appellate remedy abandoned.

Taken together, the record establishes both prongs of the Professional Real Estate Investors sham-litigation test: the litigation is objectively baseless under controlling California law, and it is subjectively pursued for documented improper purposes — namely, the generation of fee revenue

under the financial pressure of the July 29, 2024 assignment order, and retaliation against Plaintiff for protected First Amendment activity. These facts further establish the elements of joint action with state-court personnel sufficient to support liability under 42 U.S.C. § 1983 and Dennis v. Sparks, 449 U.S. 24 (1980).

## JURISDICTION AND VENUE

This Court has jurisdiction over the supplemental claims pleaded herein under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), as the claims arise under 42 U.S.C. § 1983 and the First, Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in Santa Cruz County, California, within this District. This Supplemental Complaint is filed pursuant to Federal Rule of Civil Procedure 15(d), as it sets out events that have happened since the date of the original Complaint.

## PARTIES

Plaintiff incorporates by reference the parties identified in the original Complaint. Plaintiff additionally names as a Defendant:

Defendant CARLOS MARTINEZ is a licensed attorney in the State of California (State Bar No. 248358) practicing under the firm name Bay Area Law, with a principal office address at 1015 Jefferson Street, Santa Clara, California 95050. Defendant Martinez is and at all times relevant has been counsel of record for Marie Rios in Santa Cruz County Superior Court Case Nos. 18FL00642 and 25CV01051. Defendant Martinez is sued in his individual capacity for actions taken jointly with state-court personnel that deprived Plaintiff of rights secured by the United States Constitution.

## FACTUAL ALLEGATIONS

Plaintiff incorporates by reference the factual allegations of the original Complaint and incorporates by reference the Factual Overview set forth above. Plaintiff additionally alleges:

9. The original Complaint alleges, in substance, retaliatory state-court litigation and conduct that has deprived Plaintiff of constitutional rights. The conduct of Mr. Martinez has

continued and intensified since the filing of the original Complaint, supporting the supplemental claims pleaded herein.

10. Mr. Martinez's conduct in connection with Case No. 25CV01051 — including filing and continuing to prosecute the action while the underlying case remains on appeal, while collateral estoppel bars element 2, and while documented financial pressure motivates the litigation — constitutes the use of state-court process not for the legitimate adjudication of disputed claims but as an instrument of harassment and retaliation against Plaintiff for protected First Amendment activity, including Plaintiff's defense of the underlying defamation action.

11. Mr. Martinez's conduct, taken together with the conduct of state-court personnel alleged in the original Complaint and supplemented herein, constitutes joint action under Dennis v. Sparks, 449 U.S. 24 (1980). The following specific factual circumstances support the joint-action allegation:

11(a). On May 1, 2026, Plaintiff's ex parte application for Order Shortening Time in Case No. 25CV01051 was DENIED. The denial bears the typed name of Hon. Timothy Schmal, with that name lined out, and a substituted AUTO PEN signature attributed to "Marjorie L. Carter." The denial issued without findings, without hearing, and without any reasoned analysis of the procedural basis for the application. The substitution of a non-judicial signator on what should have been a judicial determination, without explanation on the docket, constitutes irregular processing of Plaintiff's filing in a manner that benefited Mr. Martinez and harmed Plaintiff.

11(b). Plaintiff's Motion to Quash Deposition Subpoena SUBP-020 and Request for Protective Order, filed in Case No. 25CV01051 several weeks before the noticed May 11, 2026 deposition, has not been adjudicated on the merits. The state court's failure to rule on the timely-filed Motion to Quash before the deposition date — while continuing to process and act upon Mr. Martinez's filings — constitutes a pattern of selective non-processing that benefits Mr. Martinez.

11(c). On April 21, 2026, in Case No. 18FL00642, the state court issued a minute order that falsely attributed a "written request for continuance" to Plaintiff. No such written request was

made by Plaintiff. The fabricated record entry benefited Mr. Martinez and his client by characterizing as Plaintiff's choice what was, in fact, a unilateral state-court action.

**11(d).** In August 2025, Plaintiff's fee waiver application in connection with Case No. 25CV01051 was delayed in processing during the critical window in which Plaintiff's responsive pleading was due. The delay contributed to entry of default against Plaintiff on August 11, 2025 — a default that Mr. Martinez has subsequently leveraged in pursuing the legally premature malicious prosecution action.

**11(e).** The cumulative course of conduct — the May 1 ex parte denial without findings, the unadjudicated Motion to Quash, the April 21 fabricated minute order, the August 2025 fee-waiver processing delay, and the continued processing of Mr. Martinez's filings in a case that fails the prematurity test as a matter of law — reflects state-court action that has facilitated rather than constrained Mr. Martinez's pursuit of the legally infirm Case No. 25CV01051. Whether this course of conduct reflects affirmative coordination or selective non-enforcement of procedural rules in Mr. Martinez's favor, the result is the same: state-court process has been used as an instrument of harm against Plaintiff in connection with claims that cannot succeed on the merits. This constitutes joint action sufficient to support liability under 42 U.S.C. § 1983 and Dennis v. Sparks.

**12.** Plaintiff has suffered concrete injury as a result of Mr. Martinez's conduct, including but not limited to (a) financial cost in defending against legally premature litigation; (b) impairment of Plaintiff's ability to prosecute the underlying defamation appeal; (c) the imminent burden of the May 11, 2026 deposition pursued under Subpoena SUBP-020; (d) the chilling of Plaintiff's First Amendment rights to access courts and seek redress; and (e) the procedural prejudice associated with default and sanctions entered in Case No. 25CV01051 in connection with the legally premature action.

**COUNT ONE — 42 U.S.C. § 1983**

**FIRST AMENDMENT RETALIATION**

**(Against Defendant Martinez)**

**13.** Plaintiff incorporates by reference the foregoing paragraphs.

14. Plaintiff engaged in protected First Amendment activity, including the defense of the underlying defamation action in Case No. 20CV369516 and the prosecution of the appeal in Case No. H053207.

15. Mr. Martinez, acting jointly with state-court personnel, engaged in retaliatory action by initiating and continuing to prosecute Case No. 25CV01051 against Plaintiff, notwithstanding that the case fails the prematurity test under Sheldon Appel as a matter of law and notwithstanding collateral estoppel under Lucido on element 2. The retaliatory action would chill a person of ordinary firmness from continued exercise of protected rights. Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).

16. The retaliatory action is causally connected to Plaintiff's protected activity. The temporal proximity (filing on Day 14 of the 60-day appeal window in 20CV369516), the documented pre-filing threats, and the financial motivation established by the July 29, 2024 assignment order establish the causal connection.

17. As a direct and proximate result of Mr. Martinez's retaliatory action, Plaintiff has suffered the injuries set forth in paragraph 12 above.

**COUNT TWO — 42 U.S.C. § 1983**

**ABUSE OF PROCESS / SHAM LITIGATION**

**(Against Defendant Martinez)**

18. Plaintiff incorporates by reference the foregoing paragraphs.

19. Mr. Martinez's prosecution of Case No. 25CV01051 satisfies both prongs of the sham-litigation test established by Professional Real Estate Investors v. Columbia Pictures Industries, Inc., 508 U.S. 49, 60–61 (1993). The Ninth Circuit has expressly applied the PREI sham-litigation framework to § 1983 claims involving retaliatory state-court litigation. White v. Lee, 227 F.3d 1214 (9th Cir. 2000).

19(a). Prong One — Objective Baselessness. The state-court action is objectively baseless under controlling California law. As alleged above, the action is barred by the prematurity rule of Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 871; Roberts v.

McAfee, Inc. (2011) 198 Cal.App.4th 1136, 1147; and Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal.4th 728, 741, because the underlying defamation action remains on appeal in H053207. The action is also barred by collateral estoppel under Lucido v. Superior Court (1990) 51 Cal.3d 335, 341–42, because Judge Takaichi's June 15, 2021 ruling in 20CV369516 found that Plaintiff had probable cause for his defamation claim. Mr. Martinez filed Case No. 25CV01051 on Day 14 of the 60-day appeal window in the underlying action. Each bar is independently dispositive. No reasonable litigant could realistically expect success on the merits.

**19(b).** Prong Two — Subjective Improper Purpose. The litigation is subjectively pursued for purposes other than legitimate adjudication. The improper purpose is established by the following documented facts:

**19(b)(i).** The Financial-Pressure Motive. Mr. Martinez is the subject of a personal assignment order entered July 29, 2024, in Case No. 19CV358986, in the amount of $536,000 accruing 10% compounding interest. The order prohibits him from collecting fees outside the assignment framework. He seeks $1,150,000 in damages from Plaintiff in the legally premature Case No. 25CV01051. Pursuit of a legally premature seven-figure damages claim against an indigent pro se litigant under conditions of documented personal financial distress establishes pursuit of fee revenue rather than legitimate adjudication.

**19(b)(ii).** The Premeditated Retaliatory Intent. Pre-filing communications by Mr. Martinez to Plaintiff and to attorney Donald Schwartz, predating entry of the March 21, 2025 judgment in 20CV369516, establish that Case No. 25CV01051 was planned as retaliation. The retaliatory intent predated the favorable termination element that would have been required for a legitimate malicious prosecution action.

**19(b)(iii).** The Documented Threats. On April 21, 2026, Mr. Martinez personally addressed Plaintiff at the Santa Cruz County Superior Court following a hearing in Case No. 18FL00642 with statements including "Where's your money" and " you just lied to a Federal judge and I'm going to subpoena you and find your money," in a manner perceived as threatening. On a separate occasion, Mr. Martinez communicated to Mr.

Schwartz the substance of "I know who you owe money to and I am going to give them a call," in connection with Mr. Schwartz's role in 20CV369516. These statements are documented in contemporaneous correspondence and witness declarations. Personal threats to extract financial advantage are not the conduct of an attorney pursuing legitimate adjudication.

**19(b)(iv).** The Pattern of Professional Misconduct. Mr. Martinez has a State Bar disciplinary record reflecting seven prior complaints and two mental health diversions, judicially-noticeable under California Evidence Code § 452(c). The disciplinary record establishes a pattern of conduct relevant to the subjective bad-faith prong.

**19(b)(v).** The Pursuit of the May 11 Deposition. Mr. Martinez personally served Plaintiff with Deposition Subpoena SUBP-020 on April 14, 2026. He continues to pursue the May 11, 2026 deposition while Plaintiff's timely Motion to Quash remains unadjudicated, in a case that fails the prematurity test as a matter of law. Continued discovery in a case that cannot succeed on the merits is process used as an instrument of harassment, not adjudication.

**19(b)(vi).** Prong Three - The Family Court Declined to Terminate Plaintiff's Parental Rights, and Mr. Martinez Defaulted on His Own Appeal. In 2025, Hon. Katherine Hansen of the Santa Cruz County Superior Court declined to terminate Plaintiff's parental rights to his daughter. Mr. Martinez appealed that determination on behalf of his client to the Sixth District Court of Appeal in Case No. H054010. The Sixth District issued an Appellant Default Notice on February 2, 2026, and dismissed Case No. H054010 for failure to prosecute on March 23, 2026. Notwithstanding the family court's rejection of the termination outcome his client had sought, and notwithstanding Mr. Martinez's own default on the appellate remedy he had invoked, Mr. Martinez continues to prosecute Case No. 25CV01051 for $1,150,000 in damages against Plaintiff in a parallel forum. The pursuit of monetary recovery in 25CV01051 — after Mr. Martinez has lost the parental-rights termination outcome at trial and defaulted on his own appeal of that loss — reflects the use of state-court process for purposes other than legitimate adjudication. The conduct is consistent with subjective improper purpose under Professional Real Estate Investors.

**19(c).** The objective and subjective prongs are independently established and collectively decisive. The conduct does not constitute petitioning protected by the First Amendment under Noerr-Pennington and BE&K Construction Co. v. NLRB, 536 U.S. 516 (2002), because both prongs of the sham-litigation exception are satisfied.

**20.** Sham litigation is not protected by the First Amendment Petition Clause and may be enjoined consistent with BE&K Construction Co. v. NLRB, 536 U.S. 516 (2002), and Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731 (1983).

**21.** As a direct and proximate result of Mr. Martinez's sham litigation, Plaintiff has suffered the injuries set forth in paragraph 12 above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Martinez as follows:

**A.** A declaration that Defendant Martinez's continued prosecution of Santa Cruz County Superior Court Case No. 25CV01051, while Case No. H053207 remains pending in the Sixth District Court of Appeal, violates Plaintiff's rights under the First, Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and constitutes sham litigation under Professional Real Estate Investors;

**B.** Preliminary and permanent injunctive relief enjoining Defendant Martinez from further prosecuting Santa Cruz County Superior Court Case No. 25CV01051 — including without limitation the May 11, 2026 deposition pursued under Subpoena SUBP-020, any further discovery, and any continued pursuit of damages — pending final favorable termination of Case No. H053207;

**C.** Compensatory damages in an amount to be proven at trial;

**D.** Reasonable costs of suit; and

**E.** Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution.

Dated: May 6 , 2026

Respectfully submitted,

/s/ **Mark Esquibel**

MARK ESQUIBEL

Plaintiff in Pro Per

## VERIFICATION

I, Mark Esquibel, declare:

1. I am the Plaintiff in this action and appear in pro per. I am over the age of eighteen and competent to testify to the matters stated herein. I have personal knowledge of the facts stated in this Supplemental Complaint, except as to those stated on information and belief, and as to those matters, I believe them to be true.

2. I have read the foregoing Supplemental Complaint and know the contents thereof. The factual allegations are true of my own knowledge except as to those matters that are stated upon information and belief, and as to those matters, I believe them to be true.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 6 , 2026, at Soquel, California.

/s/ **Mark Esquibel**

MARK ESQUIBEL

Plaintiff in Pro Per

## CERTIFICATE OF SERVICE

I, Mark Esquibel, certify that on May _____, 2026, I caused the foregoing PLAINTIFF'S SUPPLEMENTAL COMPLAINT UNDER FRCP 15(d) ADDING DEFENDANT CARLOS MARTINEZ AS A STATE ACTOR UNDER 42 U.S.C. § 1983 to be served on the following parties by the methods indicated:

**Carlos Martinez, Esq. (SBN 248358)**

Bay Area Law

1015 Jefferson Street

Santa Clara, CA 95050

*Defendant; Counsel for Defendant Marie Rios*

By: [ ] First-Class United States Mail, postage prepaid; [X] Personal Service via Sheriff Service (SER-001); [ ] Other: _____

[FRCP 4 SUMMONS REQUIRED FOR FORMAL SERVICE OF PROCESS ON NEW DEFENDANT MARTINEZ. Plaintiff will request issuance of Summons by the Clerk and effect personal service through Sheriff or process server pursuant to FRCP 4(e).]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May _6_, 2026, at Soquel, California.

*Mark Esquibel*

/s/ **Mark Esquibel**

MARK ESQUIBEL

Plaintiff in Pro Per