Mark Esquibel
4768 Soquel Drive #12
Soquel, CA 95073
Plaintiff in Pro Per



**FILED**

**MAY 06 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MARK ESQUIBEL, | )Related Case No. 25CV01051 |
| | ) |
| Plaintiff, | ) |
| | )Case No. 5:26-cv-02755-NW |
| v. | ) |
| | ) **PLAINTIFF'S SUPPLEMENTAL** |
| MARIE RIOS, et al., | ) **DECLARATION REGARDING** |
| | ) **STATE-COURT INTAKE** |
| Defendants. | ) **IRREGULARITIES IN SUPPORT** |
| | ) **OF PENDING MOTIONS FOR** |
| | ) **TEMPORARY RESTRAINING ORDER** |
| | ) |
| | ) |

## PLAINTIFF'S SUPPLEMENTAL DECLARATION REGARDING
## STATE-COURT INTAKE IRREGULARITIES

Plaintiff Mark Esquibel respectfully submits this Supplemental Declaration to document a pattern of intake processing irregularities at the Santa Cruz County Superior Court in the related state action Rios v. Esquibel; Schwartz, Case No. 25CV01051. The pattern bears on the practical adequacy of state-court remedies, which is among the matters before this Court in the pending Motions for Temporary Restraining Order.

## I. THE PATTERN OF INTAKE IRREGULARITIES

Over the course of this litigation, Plaintiff has experienced repeated and selective irregularities in the intake processing of his pro se filings at the Santa Cruz County Superior Court, including (i) refusal to file-stamp documents that comply with applicable formatting and procedural requirements; (ii) mis-categorization of submitted documents in a manner that delays or obscures their proper docketing; and (iii) extended delays in file-stamping that materially impair Plaintiff's ability to obtain timely rulings on time-sensitive motions in the related state action. Plaintiff is informed and believes that comparable obstacles have not been encountered by the represented opposing party in Case No. 25CV01051 in submitting filings through the same channels.

These irregularities have not been isolated to a single filing or a single date. They have recurred at multiple points in the state proceedings. Three illustrative examples follow.

## II. ILLUSTRATIVE EVENTS

First, in August 2025, Plaintiff's then-counsel T. Matthew Phillips electronically submitted Plaintiff's Answer to the Complaint in Case No. 25CV01051, accompanied by a request for fee waiver. The submission was rejected on or about August 11, 2025, on the ground that the fee-waiver form had been prepared on the wrong county form. Counsel promptly corrected the defect and re-submitted the Answer on August 15, 2025. Before the corrected submission was processed, opposing counsel had requested entry of default. Default was entered against Plaintiff. The intake delay — measured in days, between the original submission and processing of the corrected form — produced a default that has been the subject of extensive subsequent motion practice in state court and that remains a central concern in this federal action.

Second, several weeks before May 11, 2026, Plaintiff prepared and submitted in Case No. 25CV01051 a Motion to Quash Deposition Subpoena SUBP-020 and Request for Issuing Protective Order. As of the date of this Declaration, that Motion to Quash has not been adjudicated on the merits. The intake processing of the Motion to Quash, and the subsequent state-court treatment of it, has not produced a merits ruling in time to address the May 11, 2026 deposition that is the subject of the subpoena.

Third, on May 1, 2026, Plaintiff filed in Case No. 25CV01051 an Ex Parte Application for Order Shortening Time on Plaintiff's Motion to Quash, seeking expedited consideration before the

May 11, 2026 deposition. The Ex Parte Application was denied that same date by an order signed by Marjorie L. Carter, with the assigned trial judge's name lined out on the face of the order. The denial contained no findings, no statement of reasons, and no merits adjudication of the underlying Motion to Quash.

Fourth, on May 4, 2026, after the events described above and following several days of further intake difficulties, Plaintiff served at the intake counter a written document on Deputy Clerk Sandy Garcia and Clerk Supervisor Kimberly Merrell. Resolution of the matter required summoning the Court Executive Officer to the intake window. The document was ultimately file-stamped that date and is now part of the official docket in Case No. 25CV01051.

## III. THE GOVERNING ACCESS-TO-COURTS FRAMEWORK

The right of access to the courts is protected by the Due Process Clause of the Fourteenth Amendment. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Tennessee v. Lane, 541 U.S. 509, 533–34 (2004); Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Boddie v. Connecticut, 401 U.S. 371, 377 (1971). The right is implicated when state actors — including court personnel performing administrative functions — frustrate a litigant's ability to present claims to the court. Plaintiff's right to discharge counsel and proceed in pro per is established by California Code of Civil Procedure § 284. The specific duties of court clerks performing ministerial intake, and the framework governing accountability for failure to perform those duties, are set forth in Section V below.

## IV. ACTUAL INJURY

The conduct documented in Sections I and II has caused, and continues to cause, the following specific prejudice satisfying the actual-injury requirement of Lewis v. Casey, 518 U.S. at 351, and Christopher v. Harbury, 536 U.S. at 415–16:

(a) The intake delay associated with the August 2025 fee-waiver rejection contributed to entry of default against Plaintiff in Case No. 25CV01051, a procedural injury that has driven extensive subsequent motion practice and that remains a central concern in this federal action.

**(b)** The processing delays affecting Plaintiff's Motion to Quash Deposition Subpoena SUBP-020, together with the May 1, 2026 ex parte denial without findings, have prevented Plaintiff from obtaining a merits ruling on the Motion to Quash before the May 11, 2026 deposition.

**(c)** The cumulative effect of these intake irregularities has been to deny Plaintiff timely state-court adjudication of time-sensitive motions, which is precisely why Plaintiff seeks federal injunctive relief in the pending Motions for Temporary Restraining Order.

## V. THE CLERK'S DUTIES, THE LEGAL FRAMEWORK, AND DISCLOSURE OF FLAWS IN THE MAY 4, 2026 STATE-COURT DOCUMENT

The intake of compliant filings is a ministerial, non-discretionary function. Federal Rule of Civil Procedure 5(d)(4) provides expressly: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Federal Rule of Civil Procedure 79(a) requires the clerk to maintain a complete civil docket. 28 U.S.C. § 751 establishes the office of court clerk as a ministerial officer. Although the state-court intake events at issue arose under California rules rather than federal rules, the federal framework reflects a baseline principle reflected throughout American court systems: intake of compliant papers is non-discretionary, and the clerk's role at the public counter is administrative rather than adjudicative.

Quasi-judicial immunity protects clerks acting under specific judicial direction; it does not extend to ministerial acts performed outside such direction. Mullis v. U.S. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). A clerk who selectively refuses to file compliant pro se papers — whether on the clerk's own initiative or at the informal direction of any other person — is not insulated from constitutional accountability for the resulting deprivation of rights. The duty to perform ministerial intake without selective obstruction is grounded in basic principles of due process, judicial ethics, and the rules and statutes set forth above.

In the interest of candor, the May 4, 2026 state-court document contained four imperfections in legal framing that Plaintiff withdraws: (a) citations to pre-1948 "Title LXX" sections — superseded; (b) application of California Penal Code § 148(a)(1) to clerks performing intake — incorrect; (c) citation to California Constitution, Article I, § 3 — mistaken; and (d)

statements directing personal criminal liability or sanctions against named clerks — withdrawn. Plaintiff does not seek any relief directed at any individual clerk and asks no action with respect to the state-court intake matter itself beyond ensuring the federal record is complete. The substantive grievance set forth in Sections I, II, and IV rests on the duties and constitutional framework set forth in this Section V and in Section III above, not on the withdrawn citations.

## VI. RELEVANCE TO PENDING MOTIONS BEFORE THIS COURT

The pattern of intake conduct documented above bears on the practical adequacy of state-court remedies in the underlying state action. Plaintiff's pending Motions for Temporary Restraining Order in this Court address, among other issues, the inadequacy of state-court remedies to provide timely access to merits adjudication. The intake conduct documented in this Supplemental Declaration is consistent with that broader inadequacy and provides factual support for the relief sought.

To the extent the conduct documented above forms part of a recurring pattern attributable to the County of Santa Cruz, the events described may bear on municipal-policy or custom-based theories under Monell v. Department of Social Services, 436 U.S. 658 (1978), should the development of the federal record warrant such a claim. Plaintiff does not, however, ask this Court to take any action with respect to such claims at this time. Plaintiff's purpose here is to ensure that the Court has, in its record, a complete and candid factual account.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court receive this Supplemental Declaration in support of the pending Motions for Temporary Restraining Order and consider the conduct documented herein in evaluating the adequacy of state-court remedies. Plaintiff seeks no relief directed at any individual clerk and asks no specific action with respect to the state-court intake matter itself. Plaintiff respectfully thanks this Court for its consideration.

Dated: May 5, 2026

Respectfully submitted,

/s/ **Mark Esquibel**

MARK ESQUIBEL

Plaintiff in Pro Per

Suppl. Declaration re Intake — Case No. 5:26-cv-02755-NW

Page 6

# DECLARATION OF MARK ESQUIBEL UNDER PENALTY OF PERJURY

I, Mark Esquibel, declare as follows:

1. I am the Plaintiff in this action and appear in pro per. I am over the age of eighteen and competent to testify to the matters stated in this declaration. I have personal knowledge of the facts stated herein.

2. The factual circumstances set forth in Sections I, II, and IV of the foregoing Supplemental Declaration are accurate and based on my personal knowledge of the events at the Santa Cruz County Superior Court intake counter and elsewhere in connection with the related state action.

3. I prepared the May 4, 2026 document in good faith after research, in response to the intake difficulties described in Sections I and II. The four imperfections identified in Section V of the foregoing Supplemental Declaration are accurate descriptions of imperfections in the legal framing of that document, and I withdraw the items identified there.

4. I am not currently represented by counsel in either Santa Cruz County Superior Court Case No. 25CV01051 or Case No. 18FL00642. My prior counsel, Donald Schwartz and T. Matthew Phillips, were relieved by court order entered November 24, 2025.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2026, at Soquel, California.

/s/ **Mark Esquibel**
MARK ESQUIBEL
Plaintiff in Pro Per

## CERTIFICATE OF SERVICE

I, Mark Esquibel, certify that on May 5 , 2026, I caused the foregoing PLAINTIFF'S SUPPLEMENTAL DECLARATION REGARDING STATE-COURT INTAKE IRREGULARITIES IN SUPPORT OF PENDING MOTIONS FOR TEMPORARY RESTRAINING ORDER to be served on the following party by the method indicated:

Carlos Martinez, Esq. (SBN 248358)

Bay Area Law

1015 Jefferson Street

Santa Clara, CA 95050

Email: cmartin@bayarealaw.com

*Counsel for Defendant Marie Rios*

By: [ ] First-Class United States Mail, postage prepaid; [X] Personal Service; [ ] Other:

_____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5 , 2026, at Soquel, California.

*Mark Esquibel*

/s/ **Mark Esquibel**

MARK ESQUIBEL

Plaintiff in Pro Per