1

**FILED**

JUN 26 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

Mark Esquibel
4768 Soquel Drive #12, Soquel, CA 95073
**Plaintiff in Pro Per**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

| | |
|---|---|
| MARK ESQUIBEL,<br>    Plaintiff,<br>v.<br>MARIE RIOS, et al.,<br>    Defendants. | **Case No. 5:26-cv-02755-NW**<br><br>**PLAINTIFF'S SUPPLEMENTAL COMPLAINT UNDER FED. R. CIV. P. 15(d)**<br>**(Events Since May 6, 2026)**<br><br>District Judge: Hon. Noël Wise<br>Referred (discovery): Mag. J. Cousins |

### INTRODUCTION AND NATURE OF THIS SUPPLEMENT

**1.** Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Mark Esquibel supplements his pleadings to set out transactions, occurrences, and events that have happened since the date of his prior pleading — the Supplemental Complaint filed May 6, 2026 (ECF 22). Plaintiff incorporates by reference the factual allegations and claims for relief of the original Complaint (ECF 1). This supplement pleads post-pleading matter in two categories: (A) the May 28, 2026 remittitur of the California Court of Appeal in No. H054010; and (B) the continued state DVRO-renewal proceeding, including the June 3, 2026 continuance to July 29, 2026; together with (C) an incorporation of the previously-pleaded allegations regarding the related state-court litigation, offered as context for the ongoing and irreparable nature of the harm and the ripeness of the prospective relief already sought. This supplement does not assert any new cause of action.

**2.** Supplementation is proper. Rule 15(d) permits a party, on just terms, to plead events occurring after the date of the pleading to be supplemented. The matters newly pleaded below post-date the May 6, 2026 Supplemental Complaint (ECF 22): the remittitur issued May 28, 2026, and the state-court continuance occurred June 3, 2026.

### JURISDICTION AND VENUE

**3.** This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), because the claims arise under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in Santa Cruz County, within this District.

**4.** The filing fee for this action was paid on May 6, 2026. See ECF 23 (Receipt No. 511019753). The conditions identified in this Court's prior orders denying leave to proceed in forma pauperis (ECF 11; ECF 21) have therefore been satisfied, and the action proceeds in the ordinary course.

## PROCEDURAL POSTURE OF THIS ACTION

**5.** Plaintiff filed the original Complaint on March 30, 2026 (ECF 1), naming as defendants Marie Rios, Carlos Martinez, the Santa Cruz County Sheriff's Department, and the Hon. Katherine Hansen (in her official capacity). On April 6, 2026, the case was reassigned to the Hon. Noël Wise, District Judge, and referred to Magistrate Judge Nathanael M. Cousins for discovery.

**6.** This Court denied Plaintiff's applications to proceed in forma pauperis without prejudice (ECF 11, Apr. 10, 2026; ECF 21, May 5, 2026), and terminated Plaintiff's motions for a temporary restraining order pending resolution of the fee question (ECF 14, Apr. 20, 2026; ECF 20, May 5, 2026, denying the ex parte application). Plaintiff thereafter paid the filing fee (ECF 23, May 6, 2026), and the Supplemental Complaint (ECF 22) was filed May 6, 2026. No order of dismissal, termination, or final disposition has been entered, and the action remains open and active. The most recent docket entry is ECF 27 (June 15, 2026). The initial Case Management Conference, previously set for June 23, 2026, was reset to September 1, 2026, at 9:00 a.m., with the Case Management Statement due August 14, 2026. (ECF 26.)

## SUPPLEMENTAL FACTUAL ALLEGATIONS

### A. The May 28, 2026 remittitur (post-pleading event)

**7.** Marie Rios appealed an adverse family-court ruling in No. 18FL00642 to the Sixth Appellate District, No. H054010; her notice of appeal was filed January 12, 2026.

**8.** Rios did not procure the record on appeal and did not apply for relief from default. On March 23, 2026, the Court of Appeal dismissed the appeal under California Rules of Court, rule 8.140(b). The remittitur issued May 28, 2026, certifying that the decision is final and awarding costs to Plaintiff as the prevailing respondent. A copy is the subject of Plaintiff's contemporaneous Request for Judicial Notice and is submitted herewith.

### B. The continued DVRO-renewal proceeding (post-pleading events)

**9.** The April 2021 restraining order that is the subject of this action expired by its terms; Rios filed an application to renew it, which remains pending in No. 18FL00642. The renewal hearing has been continued successively — from April 14, 2026, to April 21, 2026, to June 3, 2026, to July 29, 2026.

**10.** At the June 3, 2026 hearing, the Superior Court did not rule on the renewal. Its minute order continued the matter to July 29, 2026, at 8:30 a.m.; directed the parties to "provide a case update

and any new orders from the Federal Court" by July 22, 2026; and provided that "[t]he restraining order shall remain in effect pending the next court date."

**11.** As a result of the successive continuances, the underlying order remains in effect and the threatened permanent renewal remains unadjudicated. The deprivations alleged in the original Complaint therefore continue without resolution, including the ongoing firearms disability reflected in state and federal background-check systems and the continued separation of Plaintiff from his minor daughter. These facts are pleaded to establish the ongoing and irreparable nature of the harm and the ripeness of Plaintiff's request for prospective relief. Plaintiff does not ask this Court to review, vacate, or set aside any order or ruling of the state court.

**C. Incorporation of previously-pleaded state-court-litigation allegations (context)**

**12.** Plaintiff incorporates by reference the allegations concerning the related malicious-prosecution action, No. 25CV01051, set out in the Supplemental Complaint filed May 6, 2026 (ECF 22, ¶¶ 9–10 and 12), as factual context for the post-pleading events pleaded herein. Plaintiff does not by this incorporation re-plead any claim or assert any new cause of action, and does not ask this Court to adjudicate, review, or disturb any state-court proceeding, nor to adjudicate the merits or viability of No. 25CV01051.

The procedural history of No. 25CV01051 is as follows:

- April 4, 2025 — the action was filed, fourteen days into Plaintiff's sixty-day period to appeal the underlying Santa Clara County judgment, and in Santa Cruz County rather than in Santa Clara County, where that judgment had been entered.

- August 8, 2025 — Plaintiff's answer was timely submitted to the court.

- August 11, 2025 — the clerk rejected the submission for a fee-waiver defect; under the court's electronic-filing rules, a rejected submission is treated as not filed.

- August 11, 2025 — the same day, Plaintiff's default was entered.

- August 15, 2025 — Plaintiff's corrected answer was submitted, after the default had been entered.

Plaintiff remains in default in No. 25CV01051.

**13.** These incorporated facts, together with the post-pleading events pleaded above (¶¶ 7–11), support the First Amendment retaliation claim stated in the original Complaint (ECF 1, Count Five) and the equities of the prospective relief already sought. They reflect a documented sequence of adverse filings against Plaintiff that, when subjected to adversarial testing, were either premature, obtained by default on a clerical rejection, or abandoned and dismissed for failure to procure the record — the burden of each filing falling on Plaintiff regardless of its ultimate disposition.

## RELATION TO THE ORIGINAL COUNTS

**14.** The post-pleading facts set out above further support the claims pleaded in the original Complaint (ECF 1), including the substantive-due-process / parental-rights count and the request for prospective injunctive relief. They demonstrate (a) that Rios's effort to obtain a merits ruling in the appealed family-court matter was abandoned and did not survive adversarial testing (¶¶ 7–8); (b) that the deprivations alleged remain ongoing while the renewal proceeding is repeatedly continued (¶¶ 9–11); and (c) that those deprivations persist within a documented pattern of adverse litigation conduct (¶¶ 12–13). Plaintiff incorporates the original counts as supplemented by these facts. No new cause of action is asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff incorporates the prayer of the original Complaint and additionally requests that the Court:

**1.** Consider the supplemental facts pleaded herein in support of the counts and prospective relief stated in the original Complaint;

**2.** Grant prospective injunctive relief as pleaded in the original Complaint, directed to the enforcement and database-correction harms alleged, and not to the validity of any state-court order; and

**3.** Grant such other relief as is just.

No relief is sought that would require this Court to review, vacate, or declare void any order or judgment of any state court. Plaintiff's reservation of all federal constitutional claims under England v. Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964), remains in effect.

Dated: _June 25_, 2026.


Respectfully submitted, _Mark Esquibel_ Mark Esquibel, Plaintiff in Pro Per

## VERIFICATION

I, Mark Esquibel, declare under penalty of perjury under the laws of the United States that the factual allegations of this Supplemental Complaint are true and correct, except those stated on information and belief, which I believe to be true. Executed on _JUNE 25_ , 2026, at Soquel, California. (28 U.S.C. § 1746.) _Mark Esquibel_ Mark Esquibel.