Mark Esquibel
4768 Soquel Drive #12
Soquel, CA 95073
Plaintiff in Pro Per

**FILED**

JUN 26 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

| | |
|---|---|
| MARK ESQUIBEL,<br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIE RIOS, et al.,<br>　　　　Defendants. | Case No. 5:26-cv-02755-NW<br><br>MOTION TO ENLARGE TIME FOR<br>SERVICE (FED. R. CIV. P. 4(m));<br>DECLARATION; [PROPOSED] ORDER<br><br>Judge: Hon. Noël Wise<br>CMC: September 1, 2026 |

PLEASE TAKE NOTICE that Plaintiff Mark Esquibel moves, under Federal Rule of Civil Procedure 4(m), to enlarge the time to serve the summons and operative pleadings on Defendants Marie Rios, Carlos Martinez, the Santa Cruz County Sheriff's Department, and the Hon. Katherine Hansen (official capacity), through and including August 28, 2026, or such other date as the Court deems appropriate. This motion is based on the Memorandum and Declaration below and the record in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I. Background**

1. Plaintiff filed the Complaint on March 30, 2026 (ECF 1). The same day, he applied to proceed in forma pauperis (ECF 4) and filed a Notice of Request for Service by the United States Marshal upon the grant of that application (ECF 6).

2. While the application was pending, no summons was issued to Plaintiff. The Court denied the application without prejudice (ECF 11, Apr. 10, 2026; ECF 21, May 5, 2026) and terminated Plaintiff's interim motions pending the fee question (ECF 14; ECF 20). Plaintiff paid the filing fee on May 6, 2026 (ECF 23, Receipt No. 511019753) and filed a Supplemental Complaint (ECF 22).

3. Plaintiff continued to prosecute the case. He filed his Case Management Statement on June 8, 2026 (ECF 24) and, the same day, a Notice of Non-Receipt of Court Orders and

Request for Re-Service (ECF 25). He also attempted service, delivering copies of the Complaint to Defendants Martinez and Hansen, but could not complete service because the Clerk had not issued him the summonses, and Rule 4(c)(1) requires the summons to be served with the complaint. Defendants Rios and the Santa Cruz County Sheriff's Department have not been served. The Court has set the Initial Case Management Conference for September 1, 2026.

## II. Good cause warrants extension; in the alternative, the Court should extend in its discretion

A. Good cause (Rule 4(m), first sentence). The delay is attributable to a court-side cause, not to neglect. Plaintiff requested Marshal service contingent on his in-forma-pauperis application (ECF 6); while that application was pending, no summons issued and Plaintiff could not serve. The practical service window opened only when the application was denied and the fee paid (ECF 23). A pro se plaintiff who reasonably relies on the Court's process for service is not charged with the resulting delay. (Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).) Plaintiff's diligence is shown by prompt fee payment, his Case Management Statement (ECF 24), his documented non-receipt of court mailings (ECF 25), and his attempt to serve — delivering the Complaint to two Defendants, which he could not complete only because the summonses were never issued to him. Good cause exists. (Fed. R. Civ. P. 4(m).)

B. Discretionary extension in the alternative. Even absent good cause, the Court may extend the time for service in its discretion. (Henderson v. United States, 517 U.S. 654, 662 (1996); Efaw v. Williams, 473 F.3d 1038, 1040–41 (9th Cir. 2007).) The relevant factors favor extension: a dismissal would not toll the statute of limitations and could bar claims arising from 2024 conduct if Plaintiff were required to refile; no Defendant has appeared or relied on the absence of service, and two Defendants already have actual notice of the Complaint; and the requested extension precedes the September 1, 2026 conference.

## III. Relief requested

Plaintiff requests that the time for service under Rule 4(m) be enlarged through and including August 28, 2026, or such other date as the Court deems appropriate. This motion asks the Court to extend a deadline and to confirm the timeliness of service now being effected; it does not seek to excuse inaction.

Dated: JUNE 25 , 2026

Respectfully submitted,

Mark Esquibel, Plaintiff in Pro Per

## DECLARATION OF MARK ESQUIBEL

I, Mark Esquibel, declare:

1. I am the Plaintiff and appear in pro per. I have personal knowledge of the facts stated below and could testify competently to them.

2. I filed the Complaint on March 30, 2026, and the same day applied to proceed in forma pauperis and requested that the United States Marshal serve the Defendants if my application were granted.

3. While my application was pending, I was not given an issued summons and could not serve the Defendants. After my application was denied, I paid the filing fee on May 6, 2026.

4. Although the Clerk never issued summonses to me, I delivered a copy of the Complaint to Defendant Carlos Martinez __APRIL 21__, 2026 and Judge Katherine Hansen on or about __APRIL 22__, 2026. I understand that service is not complete without the summons, which I did not have. I did not serve Defendant Marie Rios or the Santa Cruz County Sheriff's Department.

5. I filed my Case Management Statement on June 8, 2026, and a notice that I had not been receiving the Court's mailings, asking that they be re-served. After paying the fee, I worked to obtain the issued summonses and to serve each Defendant by the proper method, and I am completing that service now. I ask only for additional time to ensure each Defendant is served correctly.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on __JUNE 25__, 2026, at Soquel, California.

_Mark Esquibel_
Mark Esquibel

## ~~[PROPOSED]~~ ORDER

Having considered Plaintiff's Motion to Enlarge Time for Service under Federal Rule of Civil Procedure 4(m), and good cause appearing, the Court ORDERS that the time for Plaintiff to serve the summons and operative pleadings on all Defendants is enlarged through and including ___August 28___, 2026.

IT IS SO ORDERED.


Dated:    July 7, 2026

Hon. Noel Wise
United States District Judge