SHARON M. NAGLE – 179124
Bold, Polisner, Maddow, Nelson & Judson
A Professional Corporation
2125 Oak Grove Road, Suite 210
Walnut Creek, CA 94598
(925) 933-7777 – Telephone
(925) 933-7804 – Fax
Email: snagle@bpmnj.com

Attorneys for Defendant
Hon. Katherine Hansen, Judge of the
Superior Court of California, County of
Santa Cruz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ESQUIBEL,<br><br>Plaintiff,<br><br>v.<br><br>MARIE RIOS, et al.<br><br>Defendants. | Case No. 5:26-CV-02755-NW<br><br>DEFENDANT JUDGE HANSEN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Date: November 18, 2026<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Hon. Noël Wise |

**NOTICE**

TO PLAINTIFF MARK ESQUIBEL:

PLEASE TAKE NOTICE that on November 18, 2026, at 9:00 a.m. in Courtroom 3 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California, defendant the Honorable Katherine Hansen, Judge of the Superior Court of California, County of Santa Cruz, will, and hereby does, move this Court pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiff's complaint against her.

Judge Hansen moves to dismiss Plaintiff's complaint because this Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment and the *Rooker-Feldman* Doctrine. Nor does Plaintiff otherwise state a claim upon which relief may be granted. Even if this Court had subject matter jurisdiction, the complaint is barred by absolute judicial immunity as to Judge Hansen.

Plaintiff cannot remedy these defects by amendment. Thus, for each of the reasons set forth herein, Judge Hansen respectfully requests that the Court grant this motion and dismiss Plaintiff's complaint against her without leave to amend.

This motion is based on this Notice, the Memorandum of Points and Authorities, all pleadings, files and records in this action, and on such other argument as may be received by the Court at or before the hearing of this motion.

DATE: September 8, 2026 BOLD, POLISNER, MADDOW, NELSON & JUDSON

By: /s/ Sharon M. Nagle
SHARON M. NAGLE

Attorneys for Defendant
Hon. Katherine Hansen, Judge of the Superior Court of California, County of Santa Cruz

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In Plaintiff Mark Esquibel's complaint against moving defendant the Honorable Katherine Hansen, Judge of the Superior Court of California, County of Santa Cruz, he asks this Court to issue an order prohibiting Judge Hansen from "conditioning Plaintiff's parental rights" on compliance with a domestic violence restraining order issued against Plaintiff in 2021. (ECF 1, p. 7.) Plaintiff's complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction to grant Plaintiff the relief he seeks. The Eleventh Amendment bars complaints against state court judges such as Judge Hansen and Plaintiff pleads no cognizable exception to that rule. Further, because this Court must review final state court orders in order to provide Plaintiff with relief, the *Rooker Feldman* doctrine also deprives this Court of subject matter jurisdiction.

Alternatively, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Judge Hansen is entitled to immunity for her judicial acts, as alleged here. Plaintiff cannot cure these jurisdictional and immunity defects by amending the complaint and, therefore, this Court should grant this motion to dismiss without leave to amend.

## II. STATEMENT OF FACTS[1]

Plaintiff is a party to a state court family law proceeding over which Judge Hansen presides: *Esquibel v. Rios,* Superior Court of California, County of Santa Cruz ("Superior Court") case number 18FL000642. (ECF 1, p. 7.)

---

[1] Judge Hansen recites only facts pertinent to the instant motion.

In April 2021, the Honorable Paul Marigonda, Judge of the Superior Court of California, County of Santa Cruz, issued a five-year domestic violence restraining order ("DVRO") against Plaintiff and in favor of defendant Marie Rios. (ECF 1, pp. 7, 12.) Plaintiff alleges that the DVRO is improperly based on an allegation that Plaintiff canceled Ms. Rios' insurance and further alleges that he was never properly served with the DVRO petition. Plaintiff challenged the validity of the DVRO in the California Court of Appeal and California Supreme Court, but "[n]o court ever issued a reasoned decision on the merits of the constitutional issues raised." (ECF 1 pp. 11-12, 15.) An unidentified judicial officer at the "family court" conditioned Plaintiff's contact with his minor child on (1) Plaintiff's completion of the DV-300 (Proof of Firearms Turned In, Sold, or Stored); (2) "submission to CLETS verification"; and (3) acknowledgment of the validity of the DVRO. (ECF 1, p. 12.)

At a hearing in September 2024, "the family court refused to issue a Statement of Decision," which Plaintiff alleges deprived him of a "meaningful opportunity to obtain review of the constitutional deprivations." Plaintiff does not allege the nature of the hearing but alleges that he informed Judge Hansen that the DVRO "was based on a fraudulent insurance claim and that there was no insurance policy." In response, Judge Hansen allegedly stated, "You're welcome to go to the Ninth Circuit. That's your problem to figure out." (ECF 1, pp. 15, 23.)

In February 2026, Ms. Rios filed an application to renew the DRVO and impose a permanent order. A hearing before Judge Hansen was scheduled for April 14, 2026. (ECF 1, p.

20.) In a supplemental pleading, Plaintiff alleges that the hearing was continued to July 29, 2026. (ECF 29, p. 2.) [2]

Plaintiff names Judge Hansen in her official capacity. He seeks an injunction prohibiting Judge Hansen "from conditioning Plaintiff's parental contact or parental rights on compliance with the April 2021 DVRO or any renewal predicated on the same defective service and extrinsic fraud alleged herein, absent constitutionally adequate notice and a meaningful opportunity to be heard on the merits…" (ECF 1, p. 15.)

Additionally, Plaintiff seeks an order directed to all Defendants, "to take all steps within their authority to: (a) correct, cancel, or annotate any local, state, or federal law enforcement database record – including but not limited to CLETS, NCIC, NICS, and any county or state criminal history database – that reflects the April 2021 DVRO as valid or subsisting finding of domestic violence or dangerousness…(b) transmit correction, cancellation, or annotation notices through all established state and federal channels to ensure that the corrected record is reflected in all downstream database systems that received or relied upon the original CLETS entry." (ECF 1, p. 32.)

## III. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

A motion to dismiss is appropriate when the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the burden of proving that the court has jurisdiction over the claims. *Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009). Here, the Court lacks subject matter jurisdiction because

---

[2] Plaintiff filed two supplemental pleadings pursuant to Federal Rule of Civil Procedure 15(d). (ECF 22, 29.) Plaintiff did not obtain leave of court to serve the supplemental pleadings, but for context Judge Hansen provides limited factual information contained therein. See Fed. Rule Civ. P. 15(d).

the Eleventh Amendment bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies, including state court judges based on alleged actions taken in their official capacities, as here. The Court also lacks jurisdiction due to *Rooker-Feldman*, which deprives federal courts of jurisdiction when the issues raised by the complaint are a "de facto appeal" of a state court judgment.

**A. The Eleventh Amendment Bars the Complaint**

The Eleventh Amendment's grant of sovereign immunity bars relief against state entities and extends to individual defendants acting in their official capacities. *See Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir. 1992); *see also Hafer v. Melo*, 502 U.S. 21 (1991) (holding that a defendant official acting in his official capacity receives the same immunity as the government agency to which he belongs). Indeed, claims against state officers in their official capacity are "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (internal citations omitted) (The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.") "[A]s when the State itself is named as the defendant, a suit against state officials that in fact is a suit against the State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-02 (citation omitted). *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) (Eleventh Amendment barred complaint against state court judicial officer.) The Superior Court is an arm of the state. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Munoz v. Sup. Ct. of L.A. County*, 91 F.4th 977, 981 (9th Cir. 2024).

Consequently, the Eleventh Amendment precludes a district court from asserting jurisdiction over claims against state officials sued in their official capacities and Judge

Hansen's motion to dismiss should be granted on this basis alone. *See Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).

Plaintiff attempts to avoid the bar of Eleventh Amendment immunity by alleging that he seeks "prospective injunctive relief to end ongoing constitutional violations" pursuant to *Ex Parte Young,* 209 U.S. 123 (1908). (ECF 1, p. 7.) But even a cursory review of the complaint reveals that Plaintiff does not seek prospective relief, and, therefore, Plaintiff cannot avail himself of *Ex Parte Young.*

*Ex Parte Young* creates a limited exception to Eleventh Amendment immunity for "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Wilbur v. Locke,* 423 F.3d 1101, 1111 (9th Cir. 2005) (citations omitted.) The premise of the *Ex Parte Young* doctrine is that when state officials violate constitutional rights, they may be personally sued to prevent the illegal conduct. *See Pennhurst State Schools & Hosp. v. Halderman*, 465 U.S. 89, 114 (1984). The doctrine applies only to prospective relief and not to review past conduct. *Papasan v. Allain,* 478 U.S. 265, 277-278 (1986).

Here, Plaintiff claims that he seeks prospective equitable relief, but the complaint demonstrates otherwise. First, Plaintiff seeks damages, which are a form of retrospective relief. *Lund,* 5 F.4th at 969. Second, Plaintiff seeks a declaration that the April 2021 DVRO violates his constitutional rights, which also indicates retrospective relief. Third, Plaintiff seeks an injunction preventing Judge Hansen from relying on the April 2021 DRVO and/or any renewal thereof, which Plaintiff asserts is defective. Finally, Plaintiff seeks an order requiring "all Defendants" to "cancel" any law enforcement database entry that contains the April 2021

DVRO. (ECF 1, pp. 31-32.) Thus, while Plaintiff characterizes his relief as prospective, he actually seeks retrospective relief invalidating the April 2021 DVRO.

Importantly, *Ex Parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson,* 595 U.S. 30, 39 (2021). In *Whole Woman's Health,* the United States Supreme Court reasoned that judges "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Id.* Thus, the Court affirmed the District Court order dismissing the complaint as to, inter alia, a state-court judge and clerk based on Eleventh Amendment immunity. *Whole Woman's Health,* 595 U.S. at 51. *See also Munoz,* 91 F.4th at 980, 981 ("The *Ex Parte Young* exception 'does not normally permit federal courts to issue injunctions against state-court judges.' . . . . '[A]n injunction against a state court or its machinery would be a violation of the whole scheme of our Government. As such, state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment."). Here too, Plaintiff's claims against Judge Hansen are barred by the Eleventh Amendment, and for this reason alone, the motion to dismiss should be granted.

### B. The *Rooker-Feldman* Doctrine Bars the Complaint

A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). The *Rooker-Feldman* doctrine (*Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923)) prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Miroth v. County of Trinity,* 136 F.4th 1141, 1144 (2025). To determine if the *Rooker-Feldman* doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. *Noel v. Hall,* 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise,* 709 F.3d 890, 897 (9th Cir. 2013).

If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163; *Miroth*, 136 F.4th at 152 (*Rooker* applies to "suits alleging errors by the state courts in rendering judgment.")

Here, Plaintiff is complaining of allegedly erroneous decisions rendered in state court and he seeks relief therefrom. Plaintiff challenged the validity of the April 2021 DVRO in state court without success, arguing that the order is based on "defective service, a false factual predicate, and extrinsic fraud." (ECF 1, p. 7.) In the instant complaint, Plaintiff seeks relief from the impact of the April 2021 DVRO, including a declaration that its ongoing enforcement deprives him of his Second Amendment rights, an injunction prohibiting Judge Hansen from relying on the DVRO in issuing child custody rulings, and an order directing all defendants to take action to remove the DVRO from law enforcement databases. (ECF 1, p. 32.) Thus, the instant action is a forbidden de facto appeal under *Rooker-Feldman* because for this Court to award Plaintiff the relief he seeks, it must review the April 2021 DVRO and ostensibly reverse

that order. The *Rooker-Feldman* doctrine precludes this Court from doing so, and, therefore, this motion to dismiss should be granted.

## IV. THE COMPLAINT IS BARRED BY ABSOLUTE JUDICIAL IMMUNITY

Judicial officers are entitled to unqualified immunity from civil suits for damages, as well as "actions for declaratory, injunctive, and other equitable relief," arising out of the exercise of their judicial functions. *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996) (superseded by statute on other grounds); *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, Plaintiff seeks injunctive relief against Judge Hansen in connection with official court rulings. Judge Hansen enjoys absolute judicial immunity for her official, judicial conduct.

## V. THE COURT SHOULD ABSTAIN UNDER *YOUNGER*

In the event this Court does not grant Judge Hansen's motion to dismiss, the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* states that absent extraordinary circumstances, abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995) ("*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings"). This abstention doctrine derives from principles of equity, comity, and federalism. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).

Here, it appears that the April 2021 DVRO is ongoing because Plaintiff alleges that Ms. Rios seeks renewal in the form of a permanent order. (ECF 1, p. 7.) Further, the DVRO implicates important state interests. "[A] state has a vital interest in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *H.C. ex rel.*

*Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000) (citations omitted.) Further, "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979).

Moreover, Plaintiff can raise his constitutional claims in state court because state courts have concurrent jurisdiction over Section 1983 claims. *Felder v. Casey*, 487 U.S. 131, 139 (1988). Thus, even if this Court does not dismiss this action, it should abstain pending resolution of the state court proceedings.

## VI. CONCLUSION

This Court lacks subject matter jurisdiction to resolve the claims brought against Judge Hansen based on the Eleventh Amendment and *Rooker-Feldman*. Alternatively, Plaintiff fails to state a claim upon which relief may be granted. Because Plaintiff cannot remedy the defects identified herein by amendment, the motion to dismiss should be granted without leave to amend. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend should be freely given, the court does not have to allow futile amendments.)

DATE: September 8, 2026 BOLD, POLISNER, MADDOW, NELSON & JUDSON

By: /s/ Sharon M. Nagle
SHARON M. NAGLE
Attorneys for Defendant
Hon. Katherine Hansen, Judge of the Superior Court of California, County of Santa Cruz