JASON M. HEATH, State Bar No. 180501
County Counsel
RYAN THOMPSON, State Bar No. 292281
Assistant County Counsel
Office of the Santa Cruz County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115
Email: Ryan.Thompson@santacruzcountyca.gov

Attorneys for Defendant
SANTA CRUZ COUNTY SHERIFF'S OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARK ESQUIBEL<br><br>Plaintiff,<br><br>v.<br><br>MARIE RIOS; CARLOS MARTINEZ; SANTA CRUZ COUNTY SHERIFF'S DEPARTMENT, AND HON. KATHERINE HANSEN, in her official capacity only; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:26-CV-02755-NW<br><br>**DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FRCP 12(b)(6)]<br><br>Date: To be determined<br>Time: To be determined<br>Courtroom: 3, 5th Floor |

**TO PLAINTIFF MARK ESQUIBEL (IN PRO PER):**

**PLEASE TAKE NOTICE** that on a to be determined date and time, in Courtroom 3, 5th Floor, of the above-entitled court, located at 280 South First Street, San Jose, California 95113, Defendant SANTA CRUZ COUNTY SHERIFF'S OFFICE ("SO") will and does move this Court to dismiss the complaint of Plaintiff Mark Esquibel ("Plaintiff") against SO under Federal Rules of Civil Procedure section 12(b)(6) with respect to the following causes of action as follows:

1. The first cause of action entitled "42 U.S.C. section 1983 - Fourteenth Amendment Procedural Due Process" against SO fails because the cause of action does not allege sufficient facts to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

2. The third cause of action entitled "42 U.S.C. section 1983 – Second Amendment (as Applied)" against SO fails because the cause of action does not allege sufficient facts to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

3. The fourth cause of action entitled "42 U.S.C. section 1983 – Fourth Amendment" against County of Santa Cruz and Sheriff Chirs Clark, in his official capacity, fails because the cause of action does not allege sufficient facts to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

4. The sixth cause of action entitled "Declaratory Relief – 28 U.S.C. section 2201" against SO fails because the cause of action does not allege sufficient facts to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

This motion will be based upon this Notice, the supporting Memorandum of Points and Authorities, the pleadings on file in this action, and such other matters as may be properly presented at the hearing of this motion.

Dated: September 8, 2026 JASON M. HEATH, COUNTY COUNSEL

By: /S/ Ryan Thompson
RYAN THOMPSON
Assistant County Counsel
Attorneys for Defendant
Santa Cruz County Sheriff's Office

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

The crux of Plaintiff's complaint against Defendant Santa Cruz County Sheriff's Office ("SO") is that pursuant to its standard practice and procedure, the SO uploaded a Domestic Violence Restraining Order ("DVRO") issued against Plaintiff into the California Law Enforcement Telecommunications System ("CLETS"). Plaintiff alleges that the SO did so without independently verifying that the underlying DVRO was properly issued and/or subject to appeal and did not provide Plaintiff with a "notice and an opportunity to be heard" regarding the accuracy and sufficiency of the DVRO. As a result of the SO ministerially uploading the DVRO into CLETS, Plaintiff alleges he was subject to a warrantless search by federal agents and deprived of his Second Amendment rights and Fourteenth Amendment right to procedural due process.

As discussed in further detail, there is no statutory and/or caselaw requirement that the SO "independently verify" whether a restraining order was properly served and/or subject to an appeal before entering it into CLETS. Nor is there a statutory and/or caselaw requirement that the SO provide a restrained party with a "notice and opportunity" to challenge any given CLETS entry or monitor/manage any given CLETS entry. Instead, Cal. Family Code section 6380 (the governing statute) requires each county to develop procedures for uploading restraining orders into CLETS. The SO's practice, developed in coordination with the California Department of Justice, is to upload a DVRO into CLETS within 24 hours of issuance by the Court, regardless of service status. If the restraining order has yet to be served, the SO's entry into CLETS will reflect that. Once the restraining order is served, the SO updates the CLETS entry to reflect that service has been completed.

In sum, the SO's action in uploading restraining orders into CLETS is a ministerial function; the SO does not, nor is it legally required to "independently verify" the validity of the restraining order, service of the restraining order, and/or the status of the restraining order being appealed before uploading it to CLETS.

Plaintiff's complaint fails to state a claim upon which relief can be granted against SO. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), SO respectfully requests that the Court grant its motion to dismiss Plaintiff's complaint as to SO with prejudice.

## II. PERTINENT FACTS ALLEGED IN PLAINTIFF'S COMPLAINT AS TO DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE.

As to SO, Plaintiff's Complaint alleges as follows: On April 1, 2021, a five-year DVRO was issued against Plaintiff without prior notice to Plaintiff. (Complaint, page 2, ¶ 3.) Thereafter, Plaintiff challenged the DVRO through every level of the California court system, but such appeals were ultimately denied. (Complaint, page 2, ¶ 5.)

The SO enters and maintains records in the CLETS for domestic violence restraining orders issued in Santa Cruz County. (Complaint, page 6, ¶ 17.) CLETS records are reviewed by persons and entities conducting federal firearms background checks. (*Id.*)

Pursuant to its standard practice and procedure, the SO uploaded Plaintiff's April 1, 2021 DVRO into CLETS "without independent verification that the underlying order" was properly issued and/or subject to appeal. (*Id.*) Plaintiff alleges that the SO should have provided Plaintiff with "notice and an opportunity to be heard" regarding the accuracy and sufficiency of the DVRO. (Complaint, page 22, ¶ 65.) Plaintiff also alleges that the SO's action in uploading the April 1, 2021 DVRO was the "moving force" behind an October 21, 2024 warrantless entry by federal agents into Plaintiff's home and deprived him of his rights under the Second and Fourteenth Amendments. (*Id.*)

## III. LEGAL STANDARD.

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly, supra*, 550 U.S. at 555.

In considering a motion to dismiss, a court must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550. However, mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal, supra*, 556 U.S. at 678.

## IV. ARGUMENT.

### A. Plaintiff's First Claim for "42 U.S.C. section 1983 - Fourteenth Amendment Procedural Due Process" Fails to State a Claim Upon Which Relief Can be Granted Against Defendant Santa Cruz County Sheriff's Office Pursuant to Federal Rule of Civil Procedure 12(b)(6).

To state a procedural due process claim under the 14th Amendment, a plaintiff must show "deprivation of a constitutionally protected liberty or property interest" and "a denial of adequate procedural protections." *Brewster v. Bd. of Educ*., 149 F.3d 971, 982 (9th Cir. 1998).

The crux of Plaintiff's Fourteenth Amendment Procedural Due Process claim against SO is that the SO "maintained and disseminated" the April 1, 2021 DVRO into CLETS without providing Plaintiff with "constitutionally adequate notice and opportunity to be heard" regarding the accuracy and sufficiency of the DVRO. (Complaint, page 22, ¶ 65.)

There is no statutory or caselaw requirement that law enforcement who has entered a DVRO into CLETS, pursuant to Cal. Family Code section 6380, provide the subject of that DVRO with "notice and an opportunity to be heard" regarding the accuracy and sufficiency of the DVRO's entry into CLETS. (Complaint, page 22, ¶ 65.) Instead, the underlying judicial proceeding and the court system is the appropriate place where the restrained party has the opportunity to challenge the accuracy, validity and sufficiency of the proposed DVRO.

Further, Plaintiff's complaint does not discuss how the SO's action in uploading the April 1, 2021 DVRO into CLETS was the legal and/or proximate cause of the alleged procedural due process violation. In uploading the April 1, 2021 DVRO into CLETS, the SO was simply performing its ministerial duty under Cal. Family Code section 6380.

Given the foregoing, Plaintiff's first claim for violation of Fourteenth Amendment Procedural Due Process rights fails to state a claim upon which relief can be granted against SO. Therefore, SO respectfully requests that the Court grant SO's motion to dismiss the claim with prejudice.

**B. <u>Plaintiff's Third Claim for "42 U.S.C. section 1983 - Second Amendment (as Applied)" Fails to State a Claim Upon Which Relief Can be Granted Against Defendant Santa Cruz County Sheriff's Office Pursuant to Federal Rule of Civil Procedure 12(b)(6).</u>**

The Second Amendment "conferred an individual right to keep and bear arms." *D.C. v. Heller*, 554 U.S. 570, 595 (2008). This right, however, does not come without limitations. (See *id.*) Thus, statutes and regulations may limit this right to the extent that the Constitution permits. *Vallejos v. Bonta*, 2025 U.S. Dist. LEXIS 149645, at *3 (C.D.Cal., Aug. 1, 2025).

Plaintiff's "Second Amendment – As Applied" claim against SO asserts that "[t]he ongoing maintenance of the CLETS entry by the (SO), without a procedure to review records subject to documented legal challenge, constitutes a Monell policy or practice that causes the ongoing Second Amendment deprivation described herein." (Complaint, page 26, ¶ 85.)

There is no statutory or caselaw requirement that law enforcement who enters a DVRO into CLETS, pursuant to Cal. Family Code section 6380, then must independently monitor and review the CLETS DVRO entry as to its potential appealed status. The SO's function in uploading restraining orders to CLETS, pursuant to Cal. Family Code section 6380, is ministerial. For instance, in the event the SO receives a Cal. Family Code section 6380 restraining order from the Court, the SO works to upload that order to CLETS within 24 hours. In the event the SO receives an order from the Court requiring that a restraining order be removed from CLETS, the SO works to do so within 24 hours. The SO does not otherwise manage, maintain, or control the CLETS

database; instead, the California Department of Justice manages the CLETS database. See Cal. Family Code section 6380(a).

Further, Plaintiff's complaint does not discuss how the SO's action in uploading the April 1, 2021 DVRO into CLETS was the legal and/or proximate cause of the SO's alleged Second Amendment (as applied) violation against Plaintiff.

Given the foregoing, Plaintiff's third claim for violation of the Second Amendment (as applied) fails to state a claim upon which relief can be granted against SO. Therefore, SO respectfully requests that the Court grant SO's motion to dismiss the claim with prejudice.

**C. <u>Plaintiff's Fourth Claim for "42 U.S.C. section 1983 – Fourth Amendment" Fails to State a Claim Upon Which Relief Can be Granted Against Defendant Santa Cruz County Sheriff's Office Pursuant to Federal Rule of Civil Procedure 12(b)(6).</u>**

In general, the Fourth Amendment bars a warrantless search of or entry into a residence unless (1) there is probable cause and (2) exigent circumstances are present. *United States v. Cervantes*, 219 F.3d 882, 887 (9th Cir. 2000).

Plaintiff's Fourth Amendment claim against the SO is based on the following allegations: the Department of Justice federal agents' October 21, 2024 warrantless entry into Plaintiff's home was "the direct and proximate result of (SO's) maintenance of the CLETS entry for the April 2021 DVRO, which the (SO) knew or should have known was subject to documented legal challenge . . ."; "[t]he CLETS entry was the operative basis for the DOJ Fresno office's dispatch of agents to Plaintiff's home"; and that the SO's "maintenance of that record without constitutionally adequate procedures for reviewing challenged entries was the moving force behind the constitutional deprivation". (Complaint, page, 28, ¶ 95.)

As previously discussed, there is no statutory or caselaw requirement that law enforcement who has entered a DVRO into CLETS, pursuant to Cal. Family Code section 6380, independently monitor the potential appeal status of the underlying DVRO. In the event the SO receives an order from the Court requiring that the DVRO be removed from CLETS, they work to do so within 24 hours. But the SO does not, and is not legally required to, independently monitor the appeal status of any given CLETS entry. Again, law enforcement's role in uploading the restraining orders into

CLETS pursuant to Cal. Family Code section 6380, and removing them from CLETS, is ministerial and based on orders from the Court.

Further, Plaintiff's allegation that SO's entry of the April 1, 2021 DVRO into CLETS was the "direct" and "proximate" cause of the federal agents alleged October 21, 2024 warrantless entry into Plaintiff's home is speculative at best. Proximate cause analysis requires consideration of the "foreseeability or the scope of the risk created by the predicate conduct," and requires the court to conclude that there was "some direct relation between the injury asserted and the injurious conduct alleged." *Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 431 (2017). Law enforcement would be exposed to a plethora of litigation and exposure if their ministerial actions in simply uploading restraining orders to CLETS, per Cal. Family Code section 6380, were somehow determined to be the direct and proximate cause of subsequent enforcement actions taken by a different, unrelated agency. There is no statute or caselaw supporting such a theory.

Given the foregoing, Plaintiff's fourth claim for violation of the Fourth Amendment fails to state a claim upon which relief can be granted against SO. Therefore, SO respectfully requests that the Court grant SO's motion to dismiss the claim with prejudice.

**D. Plaintiff's Sixth Claim for "Declaratory Relief – 28 U.S.C. section 2201" Fails to State a Claim Upon Which Relief Can be Granted Against Defendant Santa Cruz County Sheriff's Office Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Pursuant to the Declaratory Judgment Act under 28 U.S.C. section 2201(a), "[i]n a case of actual controversy," the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "This statute does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico, Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).)

Here, as previously set forth in sections IV(A)-(C), Plaintiff's underlying section 1983 claims against the SO each fail to state a claim upon which relief can be granted. Therefore, Plaintiff's declaratory relief claim fails as well, as there it no underlying "justiciable case or controversy" between Plaintiff and SO. *Shell Gulf of Mexico, Inc., supra*, 771 F.3d at 635. Therefore, SO respectfully requests that the Court grant SO's motion to dismiss Plaintiff's sixth claim for declaratory relief with prejudice.

**E. <u>The Santa Cruz County Sheriff's Office and Its Personnel Are Entitled to Absolute Quasi-Judicial Immunity.</u>**

A sheriff and their deputies are entitled to absolute quasi-judicial immunity from section 1983 liability based on actions they took when acting within the scope of their duties to execute a facially valid court order. *Soloman v. Villanueva*, 2022 U.S. Dist. LEXIS 195291, at *11 (C.D.Cal., Sept. 2, 2022). "The rationale for immunizing persons who execute court orders is apparent. Such persons are themselves 'integral parts of the judicial process.' The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." *Coverdell v. Department of Social & Health Services*, 834 F.2d 758, 765 (1987). (internal citations omitted.)

As previously discussed, the SO's role in uploading Cal. Family Code section 6380 restraining orders to CLETS is ministerial and based entirely on executing orders from the Court. Therefore, the SO and its personnel are entitled to absolute quasi-judicial immunity as to their function in uploading restraining orders to CLETS. *Soloman, supra,* 2022 U.S. Dist. LEXIS 195291, at *11; *Coverdell, supra*, 834 F.2d at 765. Plaintiff's claims against SO should accordingly be dismissed.

**F. <u>The Santa Cruz County Sheriff's Office is not a Proper Defendant.</u>**

A claim for civil rights violations pursuant to 42 U.S.C. section 1983 requires a "person" who acted under color of state law. Municipal departments are "generally not considered 'persons' within the meaning of 42 U.S.C. section 1983." *Drouin v. Contra Costa Cnty. Sheriff's Dep't*, 2015 U.S. Dist. LEXIS 155506, at *5 (N.D.Cal., Nov. 17, 2015) (internal citations omitted.) Therefore, "[n]aming a municipal department as a defendant is not an appropriate means of pleading a section

1983 claim against a municipality." *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-996 (N.D.Cal. 1996) (dismissing the Santa Clara Department of Corrections from the action); *Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 6402, at *5-*6 (E.D.Cal., Jan. 29, 2008) (finding that the Fresno Police Department cannot be sued under Section 1983 because it is a sub-division of the City of Fresno).

Given the foregoing, Plaintiff's inclusion of the Santa Cruz County Sheriff's Office (sued as the "Santa Cruz County Sheriff's Department") as a defendant is improper, and SO therefore respectfully requests that the Court grant SO's motion to dismiss Plaintiff's complaint.

**G. Plaintiff's Complaint Does Not Properly Name County of Santa Cruz and/or Santa Cruz County Sheriff Chris Clark as Defendants.**

Plaintiff's complaint references County of Santa Cruz and Santa Cruz County Sheriff Chris Clark as being named defendants. (Complaint, ¶ 17.) However, the caption page of Plaintiff's complaint (Dkt. 1, page 1) and Plaintiff's summons (Dkt. 30, page 1) reference the Santa Cruz County Sheriff's Office as a defendant, but not the County of Santa Cruz or Sheriff Clark. Therefore, to the extent Plaintiff references County of Santa Cruz and/or Sheriff Clark as defendants, such allegations should be stricken and disregarded.

## V. CONCLUSION.

Given the foregoing, Defendant SO respectfully requests that the Court grant its motion to dismiss Plaintiff's complaint as to SO with prejudice.

Dated: September 8, 2026

JASON M. HEATH, COUNTY COUNSEL

By: /S/ Ryan Thompson
RYAN THOMPSON
Assistant County Counsel
Attorneys for Defendant
Santa Cruz County Sheriff's Office

**CERTIFICATE OF SERVICE**

I, the undersigned, state that I am a citizen of the United States and employed in the County of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action. My business address is 701 Ocean Street, Room 505, Santa Cruz, California 95060. On the date set out below, I served a true copy of the following on the person(s)/entity(ies) listed below:

- **DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
- **(PROPOSED) ORDER ON DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☐ by **service by mail** by placing said copy enclosed in a sealed envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

☒ by **service by mail** by placing said copy enclosed in a sealed envelope and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☐ by **personal service** at a.m./p.m. at __

☐ by **express or overnight mail** by depositing a copy in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of express mail or a mailbox, mail chute, or other like facility regularly maintained by an overnight mail company, in a sealed envelope, with express mail postage paid addressed to the below listed person(s).

Mark Esquibel
4768 Soquel Dr, #12
Soquel, CA 95073
***Petitioner, Pro Se***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 8, 2026 at Santa Cruz, California.

*Natalia Ponce*
NATALIA PONCE